BOSTON AND ALBANY RAILROAD COMPANY *vs.* COUNTY
COMMISSIONERS OF MIDDLESEX.

Middlesex.    November 26, 1900. — January 7, 1901.

Present: HOLMES, C. J., LATHROP, HAMMOND, & LORING, JJ.

Pub. Sts. c. 49, § 13, does not apply to the alteration and widening of a highway crossing the location of a railroad at grade. In such a case, application should be made under Pub. Sts. c. 112, § 129, providing for the alteration of such crossings and their approaches, under which a widening is included.

St 1890, c. 428 and amendments thereto relate only to the abolition of grade crossings and have no application to the alteration of a highway crossing the location of a railroad at grade.

PETITION for a writ of certiorari, filed February 1, 1900, by the Boston and Albany Railroad Company, to correct the proceedings of the county commissioners of the county of Middlesex in granting a petition of the inhabitants of the town of Framingham, for the relocation, widening and alteration of Concord Street, a highway in said town, across the locations of the Old Colony, and Boston and Albany, railroad companies. The case was reserved by *Hammond, J.,* for the consideration of the full court.

*S. Hoar & W. Hudson,* for the petitioner.

*S. J. Elder & W. C. Wait,* (*E. A. Whitman* with them,) for the respondents.

LATHROP, J.    The petition to the county commissioners, whose order thereon is sought to be revised, is brought under the Pub. Sts. c. 49, § 13, by the town of Framingham ; and the only question in the case is whether, under the conditions which

existed when the petition was brought, the county commissioners had jurisdiction of the petition.   Concord Street is a county highway running from Framingham to Sherborn, and crossing at grade the tracks and locations of the Boston and Albany Railroad Company and the Old Colony Railroad Company.   The petition of the town sought to have Concord Street relocated, widened and altered within the locations of these railroads at grade.

We are of opinion that the statute under which the petition was brought does not apply where an existing highway crosses the location of a railroad at grade.   Section 18 of this statute applies only to highways not affected by railroads, and the damages are to be assessed " upon the abutters, or upon the petitioners, or upon the town or county, as the commissioners may order."

The petition in the present case should have been brought under the Pub. Sts. c. 112, § 129, which provides for an alteration in the case of a highway or town way and a railroad crossing each other.   The petition in such a case must be brought by the mayor and aldermen of the city or the selectmen of the town in which the crossing is, or by the directors of the railroad corporation.   *Nichols* v. *Boston & Maine Railroad*, 174 Mass. 379.   The damages in such a case are, by § 131, as modified by the St. of 1885, c. 194, § 4, to be assessed by a special commission.

That the word " alteration " includes a widening is settled. *New England Railroad* v. *Railroad Commissioners*, 171 Mass. 135.

The St. of 1890, c. 428, and the acts amendatory thereof, apply only to the abolition of grade crossings; and have no application to the present case.   See *Northampton* v. *New Haven & Northampton Co.* 175 Mass. 430.

> *Writ of certiorari to issue, and the proceedings of the county commissioners to be quashed.*