WINSLOW WARREN, trustee, *vs.* STREET COMMISSIONERS OF THE CITY OF BOSTON.

Suffolk.     January 27, 1903. — February 27, 1903.

Present: KNOWLTON, C. J., MORTON, HAMMOND, & BRALEY, JJ.

*Certiorari. Practice, Civil.*

*Semble,* that an answer to a petition for a writ of certiorari, to quash the proceedings of a board of street commissioners, should be signed personally by all the commissioners.

After a full hearing before this court on a petition for a writ of certiorari, a decision upon the petition and the issuing of the writ, it is too late to make a motion for a discharge of the agreed facts used at the trial.

After a decision of this court upon a petition for a writ of certiorari, to quash the proceedings of the street commissioners of a city in making an illegal assessment, and the issuing of the writ, the commissioners cannot be allowed to amend the record by filing an additional answer setting forth a vote of the board, passed after the decision of the court, declaring that the assessment in question ·was made for a purpose different from that for which the court upon the record found it to have been made.

KNOWLTON, C. J.   Pursuant to the decision in *Warren* v. *Street Commissioners*, 181 Mass. 6, a writ of certiorari was issued, and three papers were filed in response to the writ, the effect of which we must consider. The first, entitled an answer to the writ of certiorari, is signed by counsel only. The second is an "Appli-

cation for the discharge of facts," and is also signed by counsel. Both of these were filed on August 4, 1902. The third, filed October 21, 1902, is entitled "Return" and is as follows: "In Board of Street Commissioners, July 21, 1902. Ordered, that this board hereby declare that the assessment made on June 25, 1900, on account of Huntington Avenue, was made for the benefit conferred by the widening and extension of said avenue, and by that only." This is signed by two members of the board of street commissioners.

Each of these, considered as pleading, is irregular and erroneous. The application for a discharge of facts relates to the agreed statement of facts, signed by counsel, upon which the petition for a writ of certiorari was heard before a single justice and heard and decided before the full court. The only reason stated for the application is that the agreed statement does not contain the substance of the declaration contained in the order of July 21, 1902, which we have quoted above.

In proceedings for certiorari it has long been the practice of this court " to hear the whole case upon the petition, in order to avoid unnecessary delay and expense to the parties, and to enable the court to deal with the substantial justice of the case, untrammelled by merely formal and technical defects in the record." *Farmington River Water Power Co.* v. *County Commissioners,* 112 Mass. 206, 214. *Haven* v. *County Commissioners,* 155 Mass. 467, and cases cited. This case has been fully heard upon the petition with a view to determining the rights of the parties, having reference to everything that ought to be considered in regard to the remedy sought. The agreed statement of facts was once amended by an agreement of the parties, before the hearing in this court. The case was decided and the rescript sent on March 1, 1902. On April 24, 1902, the petitioner moved for judgment, and the motion was allowed in the county court. On May 2, 1902, the petitioner moved that the writ issue and the assessment be quashed, and on May 21, 1902, it was ordered that the writ be issued.

After a writ of certiorari has been issued, nothing ordinarily remains to be done except to quash the proceedings, unless upon the face of the record it appears that an order can be made for a correction of the proceedings, giving directions for further action,

or an order quashing the part which is invalid and sustaining the part which is valid, where these parts are separable. Except where such 'an' order is proper, it is the usual practice to make the order for the issuing of the writ show that it is issued for the purpose of quashing the proceedings. *Boston & Albany Railroad* v. *County Commissioners*, 177 Mass. 511. *Hall* v. *Staples*, 166 Mass. 399. *Haven* v. *County Commissioners*, 155 Mass. 467. *Grace* v. *Newton Board of Health*, 135 Mass. 490. The principle is stated in *Lowell* v. *County Commissioners*, 6 Allen, 131. In *Worcester & Nashua Railroad* v. *Railroad Commissioners*, 118 Mass. 561, it is said that "After the writ has been issued, the court is bound by the record." In *Ward* v. *Aldermen of Newton*, 181 Mass. 433, Chief Justice Holmes says, as to conditions after the writ is issued, that the court could not retry the case, but could only quash, or affirm, or in the statutory way modify the proceedings, as they appear bad or good on inspection. At the common law the court had no power to do anything but quash or affirm the proceedings as a whole. The statutory authority to make other orders is found in R. L. c. 192, § 4. Cases in which this authority has been acted upon or illustrated are the *Boston & Albany Railroad* v. *County Commissioners*, 116 Mass. 73, *Worcester County* v. *Mayor & Aldermen of Worcester*, 116 Mass. 193, *Haverhill Bridge Proprietors* v. *County Commissioners*, 103 Mass. 120, 126, and *Young* v. *Blaisdell*, 138 Mass. 344.

After a full hearing, and a decision upon the petition, and the issuing of the writ, it is too late to make a motion for a discharge of the agreed statement of facts used at the trial. If it is conceivable that there might be a mistake of such a character as would make it proper for the court to vacate a judgment upon the petition, rendered after a full hearing, it could not be done upon a motion of this kind. A formal application, properly verified, similar to a petition for a writ of review, would be necessary. The application to discharge the agreed statement was rightly overruled.

The return to the writ should have been over the signatures of the street commissioners and should have set forth a copy of the record. The answer by attorney is irregular. Waiving this irregularity, as the petitioner's counsel seems to have waived it at the trial, we may treat the averment in the answer that the

returns previously made in the proceedings on the petition for the writ are a return of the record down to July 21, 1902, as bringing the record before us. The averments in regard to the sworn certificate of John P. Dore, who was a member of the board when the assessment was made, and in regard to the expenses, have no proper place in a return or answer to a writ of this kind. The court can only make such an order as is proper upon the record. The so-called return of July 21, 1902, quoted above, is not a proper amendment of the record. Amendments of the record, to correct errors and to perfect its statements, may be made at or before the hearing upon a petition for a writ of certiorari, and in matters of form, or to supply clerical omissions, may even be made, with the approval of the court, after the hearing. *Chase* v. *Aldermen of Springfield*, 119 Mass. 556, 563. *Grace* v. *Newton Board of Health*, 135 Mass. 490. *Gloucester* v. *County Commissioners*, 116 Mass. 579. *Atkinson* v. *City Council of Newton*, 169 Mass. 240. But this purports to be a subsequent declaration of the purpose or intention of the board in making a certain assessment, when the order of assessment, and the preliminary orders on which it is founded, construed as they must be construed, mean something different. It is impossible to read the record without coming to the conclusion that the assessment was for the benefit and advantage adjudged to have been received from the extending, widening, laying out and construction of the street.

This declaration is analogous to the declaration of the respondents in *Haven* v. *County Commissioners*, 155 Mass. 467, 470, made in their answer to a petition for a writ of certiorari. They set forth, by way of addition to their record, that in determining the questions presented to them they attached no weight to certain evidence. The court held that no conclusive effect should be given to such a statement then for the first time made in answer to a petition for a writ of certiorari. The present is a much stronger case for a similar conclusion, inasmuch as the declaration is for the first time made after the end of the trial upon the petition, and is at variance with the statements in other parts of the record, if we give those statements their natural meaning.

We are of opinion that neither in form nor in substance are the matters set up in answer to the writ proper for consideration at this stage of the case. For reasons stated in the opinion

in *Warren* v. *Street Commissioners*, 181 Mass. 6, the assessment was unwarranted, and was illegally made. The proceedings must, therefore, be quashed.

*So ordered.*

*M. Storey*, (*G. Perry* with him,) for the petitioner.
*A. J. Bailey*, for the respondents.