JOSEPHINE M. FARRELL *vs.* MAYOR OF REVERE.

Suffolk. March 7, 1940. — June 3, 1940.

Present: FIELD, C.J., DONAHUE, QUA, & DOLAN, JJ.

*Certiorari. Municipal Corporations*, Officers and agents. *Revere. Practice, Civil*, Parties.

Certiorari against the mayor of the city of Revere was a permissible procedure by which to try the validity of his removal of the petitioner as city auditor.

Proceeding with a hearing, requested under § 31 of St. 1914, c. 687, by
one suspended by the mayor from the office of auditor of the city of
Revere, when only the mayor and two of nine members of the city
council were present, a majority being required for a quorum, was error
requiring the quashing of a removal following the hearing.

Only the tribunal whose action is to be examined is a proper party re-
spondent to a petition for a writ of certiorari to quash its removal of
the petitioner from office; one appointed to succeed the petitioner
should not be joined.

PETITION, filed in the Supreme Judicial Court for the
county of Suffolk on July 28, 1939, for a writ of certiorari.

The case was heard by *Ronan,* J., who ruled that the
hearing described in the opinion was a nullity and ordered
the purported removal of the petitioner from office quashed.
The respondent alleged exceptions.

*G. R. Farnum,* (*R. N. Bail* with him,) for the respondent.

*F. H. Farrell,* for the petitioner.

QUA, J.   The purpose of this petition is to review the
action of the mayor on June 1, 1939, purporting to remove
the petitioner from the office of auditor of the city under
the authority of § 31 of the city charter (St. 1914, c. 687).

Section 31 reads as follows: "The mayor may, in writ-
ing, suspend any executive or appointive officer or any
public work, and in such case he shall at once report his
action and his reasons therefor to the council.  The suspen-
sion of any such officer shall, in fifteen days after such re-
port is made, be a removal, unless within that time he asks
for a hearing before the mayor and the council, which shall
forthwith be granted and be public; and upon the conclu-
sion of such hearing, if the mayor shall determine that
the suspension be not sustained, the officer shall at once be
reinstated.  Public work suspended by the mayor may be
carried on at his discretion until action is taken by the
council.  If the council within fifteen days after receiving
a report shall determine by a vote of two thirds of its mem-
bers that the mayor's action suspending the work be not
sustained, the work shall be prosecuted forthwith."

It appears from the respondent's return that on April 27
the respondent suspended the petitioner for reasons stated
by him and at once reported his action and his reasons

therefor to the council; that upon a seasonable request by the petitioner for a public hearing before the mayor and the council, the respondent on May 12 notified the petitioner that such hearing would be granted on May 16 at 2 P.M.; that on the same day he notified the members of the council individually that the hearing would be held at his office at the time stated and directed them to appear "as provided by Section 31 of the Revere City Charter"; that the hearing was held at the time and place assigned before the respondent and two members of the council who attended; that the petitioner was present and requested that the hearing be "dismissed as not in accordance with the provisions of the city charter in that it was not a hearing before the mayor and the city council"; that this objection was overruled, and that the hearing proceeded. It further appears that after the removal of the petitioner one Burke was "duly appointed" auditor to fill the vacancy.

It will be unnecessary to consider separately either the respondent's exceptions to the overruling of the demurrer or those arising out of the final hearing before the single justice. The respondent presses only three contentions which are decisive of the whole case. We will deal with these in turn.

1. We see no good reason why a petition for a writ of certiorari is not a permissible procedure in a case of this kind. It is true that in this Commonwealth the petition for a writ of mandamus as regulated by statute has become the common method of trying title to an office or of determining the validity of a removal. See, for example, *Luce* v. *Examiners of Dukes County*, 153 Mass. 108, 111; *Keough* v. *Aldermen of Holyoke*, 156 Mass. 403, 404; *Ransom* v. *Mayor of Boston*, 193 Mass. 537, 538; *Graves* v. *School Committee of Wellesley*, 299 Mass. 80, 86. Mandamus under our present practice possesses decided advantages for this purpose and is commonly to be preferred. It is more flexible and effective than certiorari in that the court is not bound by a return but may itself determine the pertinent facts upon an answer showing cause why the writ should not issue and a traverse of material facts alleged in the answer,

and in that a rival claimant to the office may be required to appear and "to stand as the real party." G. L. (Ter. Ed.) c. 249, § 5, as amended by St. 1938, c. 202. Nevertheless, the proceeding for the removal of the petitioner was of a judicial and not of a purely ministerial character. *McCarthy* v. *Emerson*, 202 Mass. 352, 354. *Stiles* v. *Municipal Council of Lowell*, 233 Mass. 174, 181. It was not in a court of record or according to the course of the common law. There is no direct remedy by appeal or exception or otherwise for the correction of errors of law arising in connection with it. For these reasons the removal of the petitioner must be classed among those matters which have been repeatedly held to be proper subjects of certiorari for the correction of errors and excesses of jurisdiction committed by officers performing judicial functions. *Parks* v. *Boston*, 8 Pick. 218. *Peters* v. *Peters*, 8 Cush. 529. *Farmington River Water Power Co.* v. *County Commissioners*, 112 Mass. 206, 212, 213. *Old Colony Railroad* v. *Fall River*, 147 Mass. 455, 461, 462. *Swan* v. *Justices of the Superior Court*, 222 Mass. 542, 544. *Bradley* v. *Zoning Adjustment Board of Boston*, 255 Mass. 160, 163. *Morley* v. *Police Commissioner of Boston*, 261 Mass. 269, 279. See *Hogan* v. *Collins*, 183 Mass. 43; *Dunn* v. *Mayor of Taunton*, 200 Mass. 252. This case is not like *Locke* v. *Selectmen of Lexington*, 122 Mass. 290, where the tribunal had never acquired any *quasi* judicial powers. Nor do we see in the fact that resort might have been had to mandamus, another extraordinary writ equally outside the scope of any regular process of appeal, a reason for denying relief by certiorari. The decision in *Godfrey* v. *Building Commissioner of Boston*, 263 Mass. 589, depended upon the wording of a particular statute.

2. There was error in proceeding with the hearing in the presence of only two members of the council. The council consists of nine members, the majority of whom constitute a quorum. St. 1914, c. 687, § 11. Whatever may be the proper construction of the somewhat peculiar § 31, hereinbefore quoted, and if we assume that the council has no power to act upon a removal, and that after the hearing the suspension by the mayor becomes a removal unless the

mayor alone determines that it "be not sustained," still the petitioner did not have the hearing "before the mayor and the council" to which she was entitled. By no process of construction can two members be deemed to be "the council," even though the others had been notified and had failed to attend. If the attendance of two out of nine satisfies the statute, it would seem that the attendance of one would also be sufficient, or possibly that none need attend, if all are notified. We think that § 31 requires more than a notice and an opportunity, and that actual presence of at least a quorum is necessary to a hearing before "the council." Whatever may be the reason for the presence of the council, whether it be for their information as to municipal affairs, or as a possible moral restraint upon the mayor, or simply to insure publicity, nothing less than a majority will comply with the requirement of the statute.

We cannot say that the failure to observe this positive mandate of the statute is immaterial and did not affect the petitioner's substantial rights. Even if the council can take no action, the Legislature has seen fit to make its presence a condition of the mayor's right to act. It did not rest with him, and it does not rest with us, to say that this was an inconsequential matter. *Stiles* v. *Municipal Council of Lowell*, 233 Mass. 174, 183.

3. It is not a defence that the petitioner's successor in office has not been made a party to this petition. No one other than those composing the tribunal whose action is to be examined can be joined as a respondent in a petition for a writ of certiorari. *Marcus* v. *Commissioner of Public Safety*, 255 Mass. 5, 8.

*Exceptions overruled.*