DAVID SESNOVICH *vs.* BOARD OF APPEAL OF BOSTON.

Suffolk.   November 6, 1942. — March 29, 1943.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Board of Appeal.   Boston.   Zoning.   Public Officer.   Waiver.   Certiorari.*

A decision under St. 1924, c. 488, § 19, as amended, granting a variance of the Boston zoning law, made unanimously by all the members of the board of appeal, was invalid and must be quashed on certiorari where the required public hearing on the application for the variance was held by four only of the five members, although before the decision was made the absent member had examined the premises in question and had read the stenographer's report of the hearing and other relevant papers, and the decision was made at an executive meeting of the board at which all the members were present but without further public hearing.

The requirement of the presence of the "entire membership" of the board of appeal of Boston at a public hearing on an application for a variance of the zoning law under St. 1924, c. 488, § 19, as amended, relates to the jurisdiction of the board to make the variance and cannot be waived by the parties interested in the matter.

If the respondents in a certiorari case voluntarily file a return including a record of their proceedings and it appears that their decision should be quashed, it is not proper practice under G. L. (Ter. Ed.) c. 249, § 4, to order that a "writ . . . issue" quashing the decision; the proper order is merely that judgment quashing the decision be entered.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on February 6, 1942, and transferred to the Superior Court.

The case was heard by *Collins,* J.

*A. S. Allen,* for the respondents.

*H. Sesnovich,* for the petitioner, submitted a brief.

FIELD, C.J.   This is a petition for a writ of certiorari brought by David Sesnovich against the members of the board of appeal of the city of Boston, hereinafter referred to as the respondents, to quash a purported decision of the board upon the application of Nellie A. McDonald to vary the application of the zoning law relating to the city of Boston (St. 1924, c. 488, as amended) at premises 461 Commonwealth Avenue.   The respondents filed a return to the peti-

tion and the case was heard in the Superior Court upon the petition and the return. An order for judgment was made that a "writ is to issue quashing the decision of the Board of Appeal granting a permit varying the application of the provisions of Ch. 488, Acts of 1924." A ruling requested by the respondents, that there "is no error of law in the action of the respondent board granting the variance of the zoning law requested by Nellie A. McDonald," was denied and the respondents claimed an exception. At the request of the respondents the judge who heard the case reported it to this court. G. L. (Ter. Ed.) c. 213, § 1B, inserted by St. 1939, c. 257, § 1; c. 231, § 111.

The order for judgment made in the Superior Court was, in substance, an order for judgment quashing the decision of the board of appeal. This order was right since on the facts disclosed by the return of the respondents the board was without authority to make the decision.

The zoning law of the city of Boston, St. 1924, c. 488, as amended, in § 19 thereof appearing in its amended form in St. 1926, c. 350, § 1, authorizes the board of appeal provided for in § 6 of the building law of the city of Boston, St. 1907, c. 550, and acts in amendment thereof or in addition thereto — a board consisting of five regular members, provision being made for the designation of substitutes (*Real Properties, Inc.* v. *Board of Appeal of Boston,* 311 Mass. 430) — to "vary the application of this act" in certain cases, but provides that no "such variance shall be authorized except by the unanimous decision of the entire membership of the board, rendered upon a written petition addressed to the board and after public hearing thereon, of which notice" shall have been given in a prescribed manner. The section provides also that the "board shall cause to be made a detailed record of all its proceedings, which record shall set forth the reasons for its decisions, the vote of each member participating therein, and the absence of a member or his failure to vote."

The return of the respondents to the petition sets forth the following record of the meetings of the board: "All members present except F. Warren Clark. Absent because of

illness Board met at 9.30 a.m. January 14, 1942 Mr. William H. Ellis, Chairman of the Board stated to all attending the hearing that one of the members, Mr. F. Warren Clark, was absent because of illness, and that due to the fact that the Board cannot designate a substitute, the Law Dept. of the City of Boston has advised the Board to use the following procedure in such cases: The Board explain to those present that a member was absent: that the testimony presented at the public hearing today would be presented to Mr. Clark; that he would read same and then state to the Board when he was willing and ready to act on the case. The Board would then in executive session vote on the appeal and petition. Mr. Ellis then asked those present in favor and in opposition to the appeal and petition before the Board were they willing to proceed with the hearing under the circumstances. All present agreed to the procedure, and the Board proceeded with the hearing. . . . The Board heard the appeal and petition of Nellie A. McDonald in re varying the application of the Zoning Law at premises 461 Commonwealth Ave., Wd. 5. . . . [It is then set forth that the applicant was represented by counsel, and persons favoring the application are named.] The Board heard the following objectors to the aforementioned petition: Nathan Shienfeld, atty., 18 Tremont St. representing David Sesnovitch, owner, of 583 Beacon St., Boston . . . [and other persons named]. The Board read all data pro and con relative to the above petition. The Board took the case under advisement." "In Executive Session Boston, Mass. All members present. Board met at 9.30 a.m. January 20, 1942. Board further considered the appeal of Nellie A. McDonald . . . in re premises 461 Commonwealth Ave., Wd. 5. Due to the fact that Mr. F. Warren Clark was unavoidably absent from illness on January 14, 1942, the Board explained to Mr. Clark that at the public hearing held on January 14, 1942, the Board heard the appeal and petition of Nellie A. McDonald asking to vary the application of the Zoning Act (Section 4) so as to permit a Funeral Home at 461 Commonwealth Ave., Wd. 5, and that the Board had taken the case under advisement. Mr. F. Warren Clark said that he would

read the stenographer's report of the public hearing of January 14, 1942, that he would revisit the locus in question, and would read the testimony on file and after doing same would report to the Board of his readiness to act upon the matter. . . . the Board took the case under advisement until it received a further report from Mr. Clark." "In Executive Session Boston, Mass. All members present. Board met at 9.30 a.m. January 23, 1942 Mr. F. Warren Clark made a report to the Board that he had read the appeal and petition of Nellie A. McDonald in re premises 461 Commonwealth Ave., Wd. 5, as well as having read the record of the testimony on file in this office relative to same, had re-visited the premises in question, and had read the stenographer's record of the public hearing held on January 14, 1942. Mr. Clark stated that he signified his readiness to act upon the said appeal and petition now pending before the Board. The Board further considered the appeal and petition of Nellie A. McDonald in re premises 461 Commonwealth Ave., Wd. 5. . . . it was unanimously VOTED: To vary the application of the Zoning Act (Section 4) in this specific case, and to annul the refusal of the Building Commissioner (with proviso) as set forth in full in decision on file." The return also sets forth a decision signed by five members of the board including Mr. Clark.

The authority conferred upon the board by the governing statute has been described as "quasi judicial in its nature." *Coleman* v. *Board of Appeal of Boston,* 281 Mass. 112, 115. Important features of the statute are the provisions that no variance "shall be authorized except by the unanimous decision of the entire membership of the board" rendered "after public hearing" upon a written petition therefor addressed to the board. The meaning of "entire membership of the board" was considered in *Real Properties, Inc.* v. *Board of Appeal of Boston,* 311 Mass. 430, and it was held (page 439) "that the 'board of appeal' when acting under said § 19 may be a board of appeal constituted for the particular case consisting of appointed members and a substitute or substitutes duly designated as such in accordance with the provisions of said § 6" of the building

law of the city of Boston. St. 1907, c. 550, as amended. According to the provisions of the statute, however, a variance can be allowed only by a "unanimous decision of the entire membership" of a board so constituted, that is, a board of five persons — members or duly designated substitutes for members. And the express requirement of the statute that the "unanimous decision of the entire membership of the board" shall be rendered "after public hearing" necessarily imports that the "public hearing" shall be conducted by the "entire membership of the board" that is to render the decision, a board of five members or duly designated substitutes. All the members of the board that is constituted for the purpose of making a decision on the question of allowing a variance in a particular case must be present at the "public hearing."

The matter is within the principle upon which *Farrell v. Mayor of Revere*, 306 Mass. 221, was decided. That case arose under a provision of the city charter of Revere (St. 1914, c. 687) which provided, in § 31 thereof, for the suspension of an "executive or appointive officer" by the mayor and report by him of "his action and his reasons therefor to the council." The city council consisted of nine members, the majority of whom constituted a quorum. The officer suspended was given a hearing before the mayor and two members of the council. This court said (page 225) that the suspended officer "did not have the hearing 'before the mayor and the council' to which she was entitled. . . . We think that § 31 requires more than a notice and an opportunity, and that actual presence of at least a quorum is necessary to a hearing before 'the council.'" A quorum for a decision upon a petition to vary the application of the zoning law necessarily consists of the "entire membership of the board" that is to make the decision. A "public hearing" at which less than the "entire membership of the board," a quorum thereof, was in attendance would not be a "public hearing" such as is required by the statute to be held before a variance can be allowed. The board, without a quorum present, would not be legally competent to hold the "public hearing" that

by the terms of the statute is a condition precedent to a decision authorizing a variance. See American Law Inst. Restatement: Judgments, § 7; *Oakland* v. *Board of Conservation & Development*, 98 N. J. L. 806, 815–816; *Sterrett* v. *MacLean*, 293 Penn. St. 557, 565. The requirement of the presence of a quorum of the board is not merely procedural. It relates to the jurisdiction of the board. Consequently the absence of a quorum cannot be waived by the interested parties. See American Law Inst. Restatement: Judgments, § 7, comment d; *Oakland* v. *Board of Conservation & Development*, 98 N. J. L. 806. See also *Commonwealth* v. *Rowe*, 257 Mass. 172.

The records of the meetings of the board set out in the return of the respondents make it clear that the "public hearing" therein referred to was not held by the "entire membership of the board," a quorum thereof for the purpose of a "public hearing" upon an application for a variance. It was held by four members of the board. Neither Mr. Clark nor any duly designated substitute for him was present, and the study and consideration given by him to the matter as described in the return, however thorough, did not meet the technical requirement that he or a substitute for him be present at the "public hearing." And the fact that the decision of the board was signed by the "entire membership of the board" including Mr. Clark did not validate a decision that was not made after a "public hearing" by the "entire membership of the board." Since the lack of a quorum at the "public hearing" affected the jurisdiction of the board and could not be waived, it is unnecessary to consider whether the facts set out in the return of the respondents show that the petitioner consented to the procedure that was followed. Even if he consented thereto, he is not precluded from attacking upon this petition for certiorari a decision of the board on the ground of lack of a quorum at the "public hearing."

It follows that as matter of law the decision of the board of appeal should be quashed. Judgment is to be entered to that effect.

Although doubtless the practice has been common, it is

not correct practice under the governing statute to include in the judgment an order that a "writ is to issue" quashing the decision.   General Laws (Ter. Ed.) c. 249, § 4, after providing for a "petition for a writ of certiorari," provides that the "court at any time after the petition is presented . . . may order the proceedings brought up; and, after they are brought up, may quash or affirm them."   The proceedings are "brought up" by the filing of a return including a record of the proceedings.   When no such return is filed a writ of certiorari is the proper method of commanding that they be "brought up."   But when "the record of the respondents has been certified by them and included in their return to the petition," "there is no occasion for the writ of certiorari to issue to bring before . . . [the] court that record."   *Mullen* v. *Sewer Commissioners of Milton,* 280 Mass. 531, 537.   *Phillips* v. *Board of Appeals of Springfield,* 286 Mass. 469, 472.   *Brackett* v. *Board of Appeal of Boston,* 311 Mass. 52, 61.   And when the proceedings have been "brought up" by the filing of a return including a record of such proceedings, the case is ripe for an order for judgment, and in due course entry of judgment, that the proceedings be quashed.   See *Mullen* v. *Sewer Commissioners of Milton,* 280 Mass. 531, 537; *Boott Mills* v. *Board of Conciliation & Arbitration,* 311 Mass. 223, 227; *Compton* v. *State Ballot Law Commission,* 311 Mass. 643, 660.   Compare *Phillips* v. *Board of Appeals of Springfield,* 286 Mass. 469, 472; *Brackett* v. *Board of Appeal of Boston,* 311 Mass. 52, 61.   The practice of ordering a writ to issue is a survival of the practice, referred to in *Warren* v. *Street Commissioners of Boston,* 183 Mass. 119, 121, followed before the amendment of R. L. c. 192, § 4, by St. 1902, c. 544, § 27, now embodied in G. L. (Ter. Ed.) c. 249, § 4.   Both before and after this amendment it has been the usual practice to hear the case upon the petition and the return.   *Morrissey* v. *State Ballot Law Commission,* 312 Mass. 121, 124, and cases cited.   But before the amendment in 1902, the governing statute, R. L. c. 192, § 4, provided that "Upon such writ," that is, a writ of certiorari, "the court may quash or affirm the proceed-

ings." Consequently, although a return including a record of the proceedings had been filed, without a writ having been issued to bring up the proceedings, and although the court would not ordinarily rehear upon the writ the matter decided upon the petition and the return (*Warren* v. *Street Commissioners of Boston*, 183 Mass. 119, 121), it was essential to issue a writ that the court might have jurisdiction under the statute to quash the proceedings. The practice was, therefore, to "make the order for the issuing of the writ show that it is issued for the purpose of quashing the proceedings." *Warren* v. *Street Commissioners of Boston*, 183 Mass. 119, 121. But after the governing statute was amended in 1902 so as to provide that the "court at any time after the petition is presented," and "after . . . [the proceedings] are brought up, may quash or affirm them," it has no longer been necessary to issue the writ for the purpose of obtaining jurisdiction to quash proceedings that have been "brought up," even though "brought up" by the voluntary filing of a return including a record of such proceedings. Apparently the purpose of the amendment was to bring the statute more nearly into conformity with actual practice and to simplify procedure by doing away with the necessity of issuing a writ of certiorari for a technical reason when without such a writ the parties and the proceedings to be reviewed were already before the court.

Judgment is to be entered "quashing the decision of the Board of Appeal granting a permit varying the application of the provisions of Ch. 488, Acts of 1924."

*So ordered.*