F. GLADYS PERKINS *vs.* SCHOOL COMMITTEE OF QUINCY.

Norfolk.    November 9, 1943. — November 29, 1943.

Present: FIELD, C.J., LUMMUS, QUA, COX, & RONAN, JJ.

*School and School Committee.    Public Officer.*

A member of a school committee who was not present at a hearing held by the committee under G. L. (Ter. Ed.) c. 71, § 42, as appearing in St. 1934, c. 123, did not participate in the hearing although thereafter he read the entire stenographic record thereof.

Under G. L. (Ter. Ed.) c. 71, § 42, as appearing in St. 1934, c. 123, a member of a school committee who did not participate in a hearing given a teacher is not qualified to vote to dismiss the teacher.

A vote by six of the seven members of a school committee to dismiss a teacher was ineffectual to bring about his dismissal under G. L. (Ter. Ed.) c. 71, § 42, as appearing in St. 1934, c. 123, where two of the six members so voting had not been present at a hearing previously given the teacher under the statute, although before voting they had read the entire stenographic record of the hearing; a vote of at least five members who had participated in the hearing was required to satisfy the statutory requirement of "a two thirds vote of the whole committee."

PETITION for a writ of mandamus, filed in the Supreme Judicial Court for the county of Norfolk on January 29, 1941, and transferred to the Superior Court.

The case was heard by *Donahue,* J.

*J. P. Flavin,* for the respondents.

*E. B. Cook,* for the petitioner.

FIELD, C.J.   This is a petition for a writ of mandamus brought in the Superior Court against the members of the school committee of the city of Quincy to compel them to restore the petitioner to the position of a teacher in the public schools of said city from which she was dismissed by action of the school committee.  The case was referred to an auditor who made a report and was heard by a judge of the Superior Court upon the auditor's report.  The judge found the facts to be as stated in the auditor's report and reported the case for the determination of this court.  G. L. (Ter. Ed.) c. 231, § 111; c. 213, § 1B, as inserted by St. 1939, c. 257, § 1.

The petitioner in September, 1940, had served as a teacher in the public schools of the city of Quincy for more than three years, and consequently was serving at "discretion" within the meaning of G. L. (Ter. Ed.) c. 71, § 41.  Provisions with respect to the dismissal of a teacher so serving are contained in G. L. (Ter. Ed.) c. 71, § 42, as appearing in St. 1934, c. 123.  These provisions include the following: "The school committee may dismiss any teacher, but in every town except Boston no teacher . . . shall be dismissed unless by a two thirds vote of the whole committee. In every such town a teacher . . . employed at discretion under the preceding section shall not be dismissed, except for inefficiency, incapacity, conduct unbecoming a teacher . . . insubordination or other good cause, nor unless at least thirty days, exclusive of customary vacation periods, prior to the meeting at which the vote is to be taken, he shall have been notified of such intended vote; nor unless, if he so requests, he shall have been furnished by the committee with a written charge or charges of the cause or causes for which his dismissal is proposed; nor unless, if he so requests, he has been given a hearing before the school committee which may be either public or private at the discretion of the school committee and at which he may be represented by counsel, present evidence and call witnesses

to testify in his behalf and examine them; nor unless the charge or charges shall have been substantiated; nor unless, in the case of a teacher, the superintendent shall have given the committee his recommendations thereon."

Material facts found by the judge are as follows:

"On September 26, 1940, the petitioner, pursuant to the provisions of G. L. c. 71, s. 42, as amended, requested the school committee to grant her a hearing with reference to any charges, and also requested specifications, which were furnished. Thereafter, on November 26, 1940, a hearing was held before five of the seven members of the school committee, at which time evidence was presented by the city solicitor for the city of Quincy, and by counsel for the petitioner. After the close of the evidence, arguments of counsel were heard by the *five members* of the school committee.

"On December 10, 1940, the entire committee, consisting of seven members, attended a meeting, the record of which set forth the following: 'Pursuant to a vote of the school committee September 19, 1940, that a vote be taken on October 29, 1940, on the question of the removal of F. Gladys Perkins as teacher in the Quincy public schools for the following reasons: Insubordination and conduct unbecoming a teacher and failure to coöperate. And at a hearing granted to F. Gladys Perkins and held by agreement on November 26, 1940, at which hearing F. Gladys Perkins was represented by counsel, who presented evidence and called witnesses, and a recommendation having been received from the superintendent of schools in the premises, and the charges against F. Gladys Perkins having been substantiated, it was VOTED that F. Gladys Perkins be and she hereby is removed and dismissed as a teacher in the Quincy public schools. The roll call was as follows: Voting for dismissal, Mrs. Nichols, Messrs. Taylor, Prout, Flavin, Sutherland and Burgin. Voting present: Mr. Marini.' Mr. Prout and Mr. Burgin, two of the seven members of the committee who voted for dismissal, were not present at the hearing on November 26, 1940, when evidence was taken and argument of counsel made. They did not hear any of the testimony, or see any

of the witnesses. They read the entire stenographic transcript of the evidence, and the arguments of counsel, before the meeting of December 10. . . . At this meeting of December 10, 1940, six members voted for dismissal, but these included the two who were not present at the hearing on November 29 [*sic*] and who did not hear the testimony of the witnesses but who had read the stenographic record thereof."

The fundamental question for decision is whether the dismissal of the petitioner was made in accordance with the statutory requirement that "no teacher . . . shall be dismissed unless by a two thirds vote of the . . . committee," read in the light of other requirements of the statute, particularly the requirement for a hearing "before the school committee" of the nature described in the statute. The judge ruled "as matter of law these two members [Prout and Burgin] were not qualified to vote on the . . . dismissal, and . . . since their votes cannot be counted, there was not a two-thirds vote of the committee as required by law." This ruling was right.

At the meeting of the school committee at which it was voted to dismiss the petitioner all the members of the committee were present — clearly a quorum of the committee. And at this meeting the vote to dismiss the petitioner was "a two thirds vote of the whole committee," indeed a vote of more than two thirds thereof, since it was a vote of six members of a committee of seven members. But where, as here, a hearing was requested by the petitioner, such a hearing "before the school committee" of the nature described in the statute was a condition precedent to dismissal of the petitioner. *Graves* v. *School Committee of Wellesley*, 299 Mass. 80, 85. See also *Farrell* v. *Mayor of Revere*, 306 Mass. 221, 224–225; *Sesnovich* v. *Board of Appeal of Boston*, 313 Mass. 393, 396–398. And it was essential that a quorum of the committee be present at the hearing. *Farrell* v. *Mayor of Revere*, 306 Mass. 221, 224–225. *Sesnovich* v. *Board of Appeal of Boston*, 313 Mass. 393, 396–398. A quorum of the committee, however, was present at the hearing upon the charges against the petitioner. Ordinarily a majority of a

board or committee consisting of three or more persons constitutes a quorum of such board or committee, but a different quorum may be required by statute or valid rule and such requirement may be implied though not expressed. *Real Properties, Inc.* v. *Board of Appeal of Boston,* 311 Mass. 430, 433–436. The statutory requirements for "a two thirds vote of the whole committee" and for a hearing "before the school committee" necessarily imply that a quorum of the committee for the purpose of such a hearing must consist of not less than two thirds of the whole committee. *Sesnovich* v. *Board of Appeal of Boston,* 313 Mass. 393, 396–398. On the other hand, there is no necessary implication from these requirements that a quorum for the purpose of the hearing must consist of the whole committee or of any number of members thereof in excess of two thirds of the members. The petitioner, in the present case, had a hearing before a quorum of the committee since five of the seven members of the committee were present. However, the two members of the committee who "did not hear any of the testimony, or see any of the witnesses," although they "read the entire stenographic transcript of the evidence, and the arguments of counsel," did not participate in the statutory hearing and could not be counted as a part of the quorum for the purpose of the hearing. *Sesnovich* v. *Board of Appeal of Boston,* 313 Mass. 393, 398.

The crucial question is thus reached, whether the votes of the two members who did not participate in the hearing could rightly be counted in the "two thirds vote of the whole committee" required to dismiss the petitioner. Unless at least one of these votes could rightly be so counted — and there is no difference in the facts as between these two members — there was not a "two thirds vote of the whole committee," that is, a vote of five members of the committee. We think that it is a necessary implication from the provisions of the governing statute that the votes of these two members could not rightly be so counted.

The statute requires that there be a particular kind of hearing, a hearing at which the teacher "may be represented

by counsel, present evidence and call witnesses to testify in his behalf," and that the charge or charges be "substantiated." In *Graves* v. *School Committee of Wellesley*, 299 Mass. 80, 86–87, the statute was interpreted as requiring that there be a "judicial investigation," a "hearing upon evidence," that nothing "be treated as evidence which is not introduced as such," that the charge or charges be decided by the school committee to "have been substantiated," and that such a decision be "supported by evidence adequate in law to warrant that conclusion." A "two thirds vote of the whole committee" to dismiss a teacher is, in substance, a vote that the charge or charges against that teacher have been "substantiated" by evidence introduced at the hearing. It is not a vote that as a matter of general policy, irrespective of the evidence introduced at the hearing, the teacher should be dismissed. And the vote of each individual member to dismiss a teacher is of the same nature, a vote that the charge or charges against this teacher have been "substantiated" by evidence introduced at the hearing. Whether or not a vote to dismiss is a part of the "judicial investigation," a hearing upon evidence, it is at least the culmination of such an investigation. The investigation and the resulting decision constitute a unit. The statute necessarily implies not only that a hearing "before the school committee" of the nature described in the statute, if a hearing is requested by the teacher, shall be a condition precedent to dismissal, but also that the participation in such hearing of a member of the school committee who votes for dismissal of the teacher shall be a condition precedent to such a vote. So far as such a member is concerned, the teacher has not had the hearing that the statute requires if this member has not participated in the statutory hearing upon which alone the vote of such member to dismiss the teacher can rightly be based. See *Eisberg* v. *Mayor & Council of Cliffside Park*, 92 N. J. L. 321.

The reading by a member of the school committee of the stenographic transcript of the evidence and arguments without attendance at the hearing, as already pointed out, is not an adequate substitute for such attendance for the purpose

of constituting a quorum of the school committee for the hearing.  And it is not an adequate substitute for such attendance for the purpose of a vote by such member that the evidence introduced at the hearing has "substantiated" the charge or charges against the teacher.  So far as such a member is concerned, the teacher has not had the hearing that the statute requires as a basis for a vote of dismissal.  It is common practice on appeals in equity cases for the appellate court to decide such cases on the basis of a stenographic report of the evidence.  But it has been stated frequently, in substance, that the appellate court on such an appeal is not in as favorable a position to decide a case heard in the trial court on oral evidence as was the trial judge who heard and saw the witnesses, and that for this reason weight is to be given to the decision of the trial judge and his findings of fact will not be reversed unless plainly wrong.  See *Trade Mutual Liability Ins. Co.* v. *Peters*, 291 Mass. 79, 83–84, and cases collected; *Culhane* v. *Foley*, 305 Mass. 542, 543–544; *Boston* v. *Santosuosso*, 307 Mass. 302, 331–332.  The governing statute in providing for a hearing before the school committee at which the teacher "may be represented by counsel, present evidence and call witnesses to testify in his behalf and examine them" contemplates that each member of the committee who votes for dismissal shall be in the favorable position for decision of the matter that results from hearing and seeing the witnesses.  It is the right of a teacher against whom a charge or charges have been made to have in this favorable position for decision the members of the school committee who vote that such charge or charges have been "substantiated" by evidence.

We do not imply that under a statute or valid rule, different from the statute here involved, a reading of a stenographic report of evidence and arguments may not furnish a legally sufficient basis for a decision.

Since the dismissal of the petitioner from the position of a teacher in the public schools was illegal for the reason already stated, it is unnecessary to consider whether such dismissal was illegal for any other reason.

It follows that a writ of mandamus must issue command-

ing the respondents to restore the petitioner to the position of a teacher in the public schools of the city of Quincy.

*So ordered.*