## Hinton v. Zoning Board of Adjustment

*Michael Egnal,* for appellant.

*Abraham L. Freedman,* city solicitor, and *Matthew M. Bullock, Jr.,* for zoning board.

SLOANE, J., December 26, 1953.—In this zoning appeal the record sent up by the board shows a failure to register the definitive vote to which applicant appellant was entitled. He had applied for a permit for a six-apartment multiple dwelling which was refused

by the zoning division on the ground that ordinance provisions were not complied with. He then appealed to the board for the variance he needed for the requested use. He had to get the "concurring vote of four members of the board of adjustment . . . to effect a variation in such ordinance": Act of May 6, 1929, P. L. 1551, sec. 8, 53 PS §3829.

The hearing on applicant's petition came before all six members of the board of adjustment. He did not get the four votes he needed and therefore took his appeal to this court.

The return of the board shows the votes to have been as follows: John E. Power, Jr.—no; Reuben E. Cohen —not voting; Molly Yard Garrett—not voting; Murray G. Isard—not voting; Frank M. Steinberg—yes, one year temporary; Walter S. Pytko—no.

It is easy to see that with only three voting the applicant could not possibly have gotten four affirmative votes even if all who voted were for him. Moreoever, if the three members who heard the case and did not cast votes favored the application there would be four including the one who did vote "yes—1 year temporary". It seems to me therefore it was an insufficient disposition; applicant is entitled to a fuller vote by the board to decide upon his plea for a variance.

Sesnovich v. Board of Appeal, 313 Mass. 393, 47 N. E. 2d 943 (1943), held that where a unanimous decision of the entire membership of the board was required to authorize a variance, all members of the board must participate in the public hearing upon the petition. In that case a variance was granted where all members but one had participated in the public hearing and the absent member also voted affirmatively after examination and study of the record; it was held the procedure was defective and that objectors to the variance had not waived their rights by consenting to the procedure.

I find the board here did not make that complete disposition required before the matter is ready for appeal to this court. ·

I therefore order the record be returned to the zoning board of adjustment for further proceedings consistent with this memorandum.