BROCKTON HOSPITAL COMPANY *vs.* COMMISSIONER OF PUBLIC WELFARE.

Suffolk.    December 6, 1963. — January 31, 1964.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & SPIEGEL, JJ.

*Public Welfare.    State Administrative Procedure Act.    Election.    Waiver.*

Upon an appeal to the Department of Public Welfare from action of a local board under G. L. c. 118A, § 21, the department had authority under § 21 and G. L. c. 30A, § 10, to provide, with the assent of the parties, as an alternative to a hearing, a "review" of the local board's action "without a hearing . . . on the basis of the law, rules and policies involved"; and the assent of a local board and an appellant hospital to the review without hearing was shown by the board's submission to the hospital of an appeal form describing the two alternatives and providing places for the appellant to check a choice of one, and by the hospital's checking the review without hearing on the form as filled out and filed by it.

PETITION for review filed in the Superior Court on January 7, 1963.

The petitioner appealed from a decree entered after hearing by *Sgarzi,* J.

*Albert G. Tierney, Jr.,* for the petitioner.

*David Lee Turner,* Assistant Attorney General (*James C. Doyle* with him), for the respondent.

WHITTEMORE, J. The Brockton Hospital Company (the hospital) contends that on an appeal to the Commissioner of Public Welfare, procedures prescribed by G. L. c. 118A, § 21, were not followed. That section provides: "Any person aggrieved by the failure of any town to grant medical assistance . . . shall have a right to a fair hearing, after due notice, upon appeal to the department in the manner and form prescribed by the department . . . ."

The Board of Public Welfare of the town of Whitman denied a claim of the hospital and notified it of its right of appeal on a form provided by the Department of Public Welfare. The form as filled out and filed by the hospital read in part as follows: "The General Laws provide that a person who is not satisfied with the action taken in regard to his assistance may appeal to the state department of public welfare. . . . You have the right on appeal to a fair hearing before a referee, or a review of your case by the department without a hearing. If you wish to appeal, fill in the blank below . . . . If you request a fair hearing before a referee, it will be scheduled and notice as to the time and place will be given to the persons concerned at least seven days in advance of the hearing. The person requesting the hearing will be given a full opportunity to state his case and to have an impartial review of all the facts. On a request for review without a hearing, the department will study the action of the local board of public welfare in its entirety and render a decision on the basis of the law, rules and policies involved. . . . I wish to appeal the decision of the board of public welfare Whitman Mass. for the following reason: The matter of a reduction in the amount of assistance given on recent hospitalization. I request a 1._____ Fair Hearing Before A Referee   2.___X___ Review Without A Hearing (*Applicant must check either 1 or 2 above*) . . . ."

The Commissioner of Public Welfare in due course notified the hospital that its claim was denied.

The hospital contends that the form used to notify it of its right to appeal was prejudicially confusing, the department had no right to provide review without a hearing in the absence of statute or rule, and the procedure was not a "fair hearing."

The judge in the Superior Court on a petition for judicial review (G. L. c. 30A, § 14) ruled that the hospital was properly notified of its right to claim a fair hearing and waived that right; also that the "purely elective" procedure for review without a hearing did not abridge the right of appeal.

There was no error in these rulings or in the final decree which affirmed the Commissioner's decision.

General Laws c. 118A, § 21, gives the right of appeal and the right to a hearing on the appeal. Neither the language nor the purpose of the statute is contravened by the department's action in offering to judge the case on the "action of the local board . . . [and] the law, rules and policies involved" without taking new evidence or hearing argument. Moreover, G. L. c. 30A, § 10, provides: "In conducting adjudicatory proceedings . . . agencies shall afford all parties an opportunity for full and fair hearing. Unless otherwise provided by any law, agencies may . . . (2) make informal disposition of any adjudicatory proceeding by stipulation . . .; (3) limit the issues to be heard or vary the procedures prescribed by section eleven, if the parties agree to such limitation or variation." The local board agreed to the informal and limited review by submitting the form to the hospital. The hospital assented by filling out the form as shown.

The judge's rulings are stated to have been made on "the record, the decision and pertinent rules, regulations and laws." We agree with the hospital that the record does not show that any rules or regulations were before the court. This does not show error. The rulings and final decree are right on the record before us.

*Final decree affirmed.*