Lauriat, J.
Plaintiff, Kevin J. Leach (“Leach”), aretired member of the Revere Police Department, has appealed, pursuant to G.L.c. 30A, §14, from a decision of the Contributory Retirement Appeal Board (“CRAB”), Division of Administrative Law Appeals (“DALA”), and the Revere Retirement Board, modifying and reducing his accidental disability retirement allowance. For the reasons set forth below, the decision of CRAB must be affirmed, except that it must be modified to reflect a reduction in the plaintiffs retirement allowance by using his salary as an elected member of the Essex County Commission as the basis for the modification.
BACKGROUND
. Plaintiff became disabled in January 1981 due to an on-duty automobile accident and took accidental disability retirement from the Revere Police Department in December 1982 pursuant to G.L.c. 32, §7. In 1989, pursuant to G.L.c. 32, §8, a medical panel determined, with the plaintiffs agreement, that he was fit to return to work as a police officer. However, the Revere Chief of Police elected not to reinstate plaintiff to his former position in the Police Department. Based on the Chiefs decision, and its own findings, the Revere Retirement Board concluded, after a hearing, that plaintiffs retirement allowance must be reduced to reflect his potential earning capacity as a security guard, even though he would not be reinstated as a police officer. Plaintiff appealed the Board’s decision to the Contributory Retirement Appeal Board. While that appeal was pending, the plaintiff was elected to the position of County Commissioner for Essex County.
In December of 1991, CRAB assigned the Division of Administrative Law Appeals to conduct a hearing on plaintiffs appeal.[1] At that hearing, a Magistrate determined that the Revere Retirement Board should have used plaintiffs actual earnings as a County Commissioner, rather than his potential earnings as a security guard, as the basis for modifying and reducing his retirement allowance.
Both parties filed objections to the DALA Magistrate’s decision with CRAB. CRAB adopted the Magistrate’s findings of fact but rejected her conclusions and order. Instead, CRAB affirmed the decision of the Revere Retirement Board, which had used plaintiffs potential earning capacity as a security guard as a basis for reducing his retirement allowance. CRAB also rejected the Magistrate’s conclusion that plaintiff should be referred to vocational rehabilitation. Plaintiff then appealed CRAB’s decision to this Court pursuant to G.L.c. 30A, §14.
DISCUSSION
Plaintiff has raised several procedural and substantive issues in this appeal. Each will be discussed in turn.
I.
Plaintiff alleges that the presence of only one Board member at the Revere Retirement Board hearing rendered the Board’s decision reducing his disability retirement allowance invalid. Plaintiff asserts that G.L.c. 32, §20(4) requires that three members are necessary to constitute a quorum of the Retirement Board. The Court disagrees. G.L.c. 32, §20(4) outlines the requirements for establishment of a contributory retirement system and provides that, “. . . Such board shall consist of three members . . .” G.L.c. 32, §20(4). The statute does not address the quorum requirements for retirement board hearings and is therefore inapplicable.
Plaintiff also cites Sesnovich v. Board of Appeal of Boston, 313 Mass. 393 (1943), which addresses the requirement of the attendance of the members of the Board of Appeal of Boston at a public hearing on an application for a variance of a zoning law. That case is inapposite to the case at bar because it relates to the scope of a specific Boston zoning law. Id. at 394.
G.L.c. 30A, §10 governs this procedural issue. “When a party to an adjudicatory proceeding has the opportunity ... to obtain more than one agency hearing on the same question, ... it shall be sufficient if the last hearing available to the party complies with the requirements of this Chapter and the earlier hear- *126 tags need not so comply.” G.L.c. 30A, §10. Plaintiff is now at his third level of appeal. He has not alleged that any intermediate appeal hearings were deficient, only that the initial Revere Retirement Board decision was improper. That error, if any, was corrected on appeal.
Moreover, it is inappropriate for the plaintiff io raise this issue now, when he did not raise it at the Retirement Board hearing or at the later proceedings. See Metropolitan Property & Liability Insurance Co. v. Commissioner of Insurance, 382 Mass. 514, 524 (1981), “A party cannot remain silent while an administrative agency appears to be proceeding in error and later complain of this error on judicial review.” Id. at 524.
Plaintiff next alleges that the Revere Retirement Board proceeding was not an adjudicatory proceeding, but rather a meeting. That argument is without merit. G.L.c. 30A, §1 describes an adjudicatory proceeding as a proceeding before an administrative agency in which legal rights, duties or privileges of specifically named persons are required by constitutional right or by any provision of the General Laws to be determined after an opportunity for an agency hearing. G.L.c. 30A, §1. Clearly the hearing was an adjudicatory proceeding.
II.
Plaintiff alleges that the Revere Retirement Board’s decision to reduce his retirement allowance based on his potential earning capacity was arbitrary and capricious and based on insufficient evidence. Plaintiff first asserts that he should continue to receive his full retirement allowance because he has not been reinstated to his former position as a police officer. Plaintiff relies on G.L.c. 32, §8(2). He contends that the refusal of the Revere Police Chief to reinstate him as a police officer is equivalent to a determination that there is “no vacancy” in the department. This claim is barred, however, by Milton v. Personnel Administrator of the Dept. of Personnel Administration, 406 Mass. 818 (1990). There, the Supreme Judicial Court specifically stated that, “Department head approval is required for reinstatement of retirees who are found to be physically able to return to active service.” Id. at 822. The Court also held that the Retirement Board lacked authorfiy to order the retiree’s reinstatement. Id. at 825. Plaintiffs contention that the refusal of the Revere Police Chief to reinstate him means that there is no vacancy is therefore without merit.
Plaintiff also alleges that the Revere Police Chiefs grounds for disapproval must be clearly articulated. See Milton, supra at 829. However, Exhibit 5 of the Retirement Board hearing, a letter from Chief Russo to the Revere Retirement Board, states with sufficient particularity the grounds for disapproval. AR90-715, Ex. 5, p. 22. This claim therefore must also fail.
Plaintiff next asserts that under G.L.c. 31, §39, he is entitled to continue to receive his retirement allowance until he is reinstated to any position in the City of Revere. Again, this claim is barred by Milton v. Personnel Administrator of the Dept. of Personnel Administration, 406 Mass. 818 (1990). “An employee’s ... rights are expressly conditioned on the receipt of department head approval. Section 39 grants the disability retiree preferential placement on the civil service list only if he is ‘capable of employment. . .’ The éxpress reference to G.L.c. 32, §8, incorporates the requirements of that statute into G.L.c. 31, §39, and, . . . one of those requirements is department head approval. Thus, a civil service disability retiree seeking reinstatement must have obtained ‘the approval of the head of any department in which a vacancy exists,’ G.L.c. 32, §8(2), before he may assert any rights based on G.L.c. 31, §39.” Id, at 825. See also Yebba v. Contributory Retirement Appeal Board, 406 Mass. 830 (1990). “Under G.L.c. 32, §8(2), a civil service disability retiree may not be reinstated without first having received department head approval, and . . . nothing in G.L.c. 31, §39 compels a contrary result.” Id. at 838.
Plaintiff further asserts that his actual earnings as an Essex County Commissioner, rather than his potential earning capacity as a security guard, should be the basis for any modification of his current retirement allowance. G.L.c. 32, §8(3) authorizes clear evidence of actual earnings or a hypothetical range of potential earnings as the basis for modifying a retiree’s benefits. Under the circumstances of this case, the plaintiffs actual earnings should be used. Although there is unequivocal evidence in the record of the actual amount earned by the plaintiff as a County Commissioner, the defendant proposes instead to base his benefit allowance on the hypothetical earnings of a security guard. A common sense application of the options authorized by the statute compels the conclusion that the plaintiffs actual earnings be used.
Finally, plaintiff alleges that, pursuant to G.L.c. 32, §91(a), his salary as an elected public official cannot be used to reduce his retirement allowance. However, this claim is not properly before this Court because the defendants have not sought to preclude the plaintiff from being paid his salary as an elected member of the Essex County Commissioners. G.L.c. 32, §91(a) merely permits one such as the plaintiff who is receiving a retirement allowance to also be paid “for service in a public office to which he has thereafter been elected by a direct vote of the people . . .’’ Contrary to the plaintiffs contention, the DALA Magistrate did not rely on G.L.c. 32, §91(a) in reaching her conclusion that the plaintiffs retirement allowance should be reduced. The Magistrate simply used the plaintiffs actual earnings as the basis for modifying and reducing his retirement allowance, without regard to the fact that his earnings resulted from his being an elected public official. This Court therefore agrees with the Magistrate’s use of the plaintiffs actual earnings in her modification determination.
ORDER
For the foregoing reasons, the decision of the Contributory Retirement Appeal Board, Division of Administrative Law Appeals is AFFIRMED, except that the plaintiffs disability retirement allowance is to be mod *127 ified and reduced by consideration of his actual earnings as an Essex County Commissioner. The Revere Retirement Board is ordered to adjust plaintiffs disability retirement allowance consistent with this memorandum of decision.

 Plaintiff also alleges that Chief Russo’s decision not to reinstate him as a member of the Revere Police Department was arbitrary and capricious. However, that issue does not fall within the purview of G.L.c. 30A, §14 and therefore will not be considered by this Court.