THOMAS CONLEY *vs.* WOONSOCKET INSTITUTION FOR SAVINGS.

Gen. Stat. R. I. cap. 195, §§ 26, 27, requiring security for costs from plaintiffs resident in the state, do not violate art. 1, § 5, of the Constitution of Rhode Island.

Security for costs may be required of resident as well as non-resident plaintiffs under Gen. Stat. R. I. cap. 195, §§ 26, 27.

An action in the Court of Common Pleas was dismissed because the plaintiff refused to give security for costs after order made.

On a petition for *certiorari:* —

*Held,* that *certiorari* was not applicable, the remedy being by appeal unless the amount in controversy was too small, which in this case did not appear.

Want of property is good cause for requiring security for costs in a doubtful case.

*Query.* In case of extreme poverty, when a resident plaintiff, with a just claim, cannot find security, whether a court would dismiss the case?

PETITION for a writ of *certiorari.*

*June* 22, 1875.  DURFEE, C. J.  This is an application for a writ of *certiorari,* the purpose of which is to revise a judgment in the Court of Common Pleas. The applicant commenced an action against the defendant in that court at the December Term thereof, A. D. 1873. The defendant on the second day moved that the plaintiff be required to give surety for costs, it being admitted that the plaintiff, though a resident of the state, had no taxable property. The plaintiff resisted the motion on the ground that there was no law under which it could be granted, and that if there was any such law it was unconstitutional. The court ordered surety. The plaintiff refused to comply with the order, and the court dismissed the action and gave the defendant judgment for costs.

The application must be denied.   The applicant's proper remedy was by appeal unless the amount in controversy was too small, which does not appear.   Moreover the application does not show a case for the writ.   The Court of Common Pleas had authority by statute, for cause shown, to require surety, and to dismiss the action upon neglect to give it.   Gen. Stat. R. I. cap. 195, §§ 26, 27.   The sections apply to resident as well as nonresident suitors.   Want of property is ordinarily considered cause for requiring surety in a doubtful case.   In *Pratt et ux.* v. *Fenner et als.* 8 R. I. 40, want of property was held to be a cause even in suit in equity.   The applicant contends that a resident suitor is entitled to sue in the courts of the state, without surety under the Constitution.   He refers to art. 1, § 5, which declares that " Every person within this state ought to obtain right and justice freely and without purchase, completely and without denial, promptly and without delay, conformably to the laws." The provision is borrowed with some change from Magna Charta. It did not have the effect in England to abolish fees in judicial proceedings.   Neither has it been construed to have that effect in this state.   Still less can it have the effect to make unconstitutional an act which authorizes a court for cause shown to require surety for costs of a party suing in the court.   Such an act is designed to operate as a safeguard against vexatious prosecutions.   A person cannot be said to purchase justice when he simply secures his opponent's costs in case he fails in the suit. It is said the statute may be so administered as to work a denial of justice, as where a poor man cannot find surety.   It is possible such a case might happen, but it would seldom happen to a resident suitor having a just or *bonâ fide* claim.   Whether if it really happened the court ought to go so far as to dismiss the suit is a question which does not arise here.   The applicant does not allege that he was unable to procure surety, or even that he made any effort to comply with the order of the court.

*Petition dismissed.*

*Charles L. Steere & Edmund S. Hopkins*, for petitioner.
*Edwin Aldrich*, for respondent.