G. Robert Witmer, J.
This is a proceeding under article 78 of the Civil Practice Act to review the determination of the respondent zoning board of appeals in granting a variance and authorizing issuance of a permit to intervenor, Howard J. Reynolds, and for an order annulling the same.
On November 30, 1956 after a hearing the respondent board granted the variance requested by intervenor, subject to certain limitations, and authorized the issuance of a permit to him for the rebuilding of a store building on Chestnut Ridge Road, which had burned in the previous month.
It appears that in 1940, intervenor Mr. Reynolds, began operating a retail store on Chestnut Ridge Road, near its intersection with Chili Avenue, in the town of Chili, and he operated it continuously until the building burned down in October, 1956. The firemen and neighbors in the area had great sympathy for the intervenor in his loss, and immediately after the fire they pitched in to help bim rebuild. The new structure was somewhat larger than the old one. When the building was well on the way to completion, he learned that he needed a building permit, and so made application for a variance and permit.
The zoning board of appeals gave notice of a hearing upon the application, to be held November 28, 1956. It appears that more than two score of neighbors attended the hearing and all but two persons, the petitioners herein, indicated their approval of the application. Only three members of the five-man board of appeals were present, however, and one of them, William C. Kelly, a lawyer, stated that he was the attorney for the applicant, Mr. Reynolds. The town attorney then announced that Mr. Kelly would not participate in the hearing since he was the attorney for the applicant, and that the meeting would be *548 adjourned after the hearing, for decision by the two disinterested board members and at least one other, to constitute a quorum. He asked if anyone objected to the hearing proceeding on such basis. He stated that if there were any objections to the hearing being held and decision being rendered in such manner, the meeting and hearing would be adjourned to another date. All present consented that the hearing proceed as suggested.
The hearing then proceeded at length and all present who wished to be heard were permitted to speak. The matter was then adjourned for subsequent consideration of the problem, on the minutes, by the board when a quorum, exclusive of Mr. Kelly, should be present. The adjourned meeting was held two days later, on November 30, with such a quorum of the board present. At that time the board granted the variance and authorized the issuance of a permit subject to certain specified limitations and provisions inserted for the protection of the neighborhood.
Petitioners then instituted this proceeding, and contend (1) that the meeting was improperly conducted, and hence the decision of the board was a nullity, and (2) that the board have illegally permitted an extension of a nonconforming use, and hence the decision and permit should be annulled.
Section 41 of the General Construction Law provides in part as follows: ‘ ‘ Whenever three or more public officers are given any power or authority, or three or more persons are charged with any public duty to be performed or exercised by them jointly or as a board or similar body, a majority of the whole number of such persons or officers, * * * at any meeting duly held upon reasonable notice to all of them, shall constitute a quorum and not less than a majority of the whole number may perform and exercise such power, authority or duty.”
The Zoning Ordinance of the Town of Chili provides (§83) for a zoning board of appeals consisting of five members who, by section 90 thereof, are empowered “ after public notice and hearing ” to grant certain exceptions and variances. The first question raised in this proceeding is whether the board conducted a “ hearing ” as required by the ordinance.
It has been held that where a village board of five members conducted a hearing at which only four members were present, and one of said four deemed himself disqualified and therefore did not vote, a two to one vote by the remaining three members was insufficient to constitute the legal action of the board (Steers Sand & Gravel Corp. v. Village Bd. of Vil. of Northport, 129 N. Y. S. 2d 403.) The court observed that it was necessary to *549 have both a majority present at the hearing and concurring in the board’s decision.
No other New York case close to the subject under consideration has come to this court’s attention. The Supreme Judicial Court of Massachusetts, however, has passed on virtually the precise point. (Sesnovich v. Board of Appeal of Boston, 313 Mass. 393.) There the ordinance provided for a board of five members, with provision for substitutes, and granted them authority to ‘ ‘ vary the application of this act ’ ’ in certain cases, and further provided that no ‘1 such variance shall be authorized except by the unanimous decision of the entire membership of the board * * * after public hearing thereon ’ ’. A hearing came on before said board with only four members present. It was announced that the fifth member, a Mr. Clark, was ill. Just as in the case at bar, it was there announced that for the convenience of all, the hearing would proceed, the minutes would be taken and later submitted to Mr. Clark to be examined, and decision would be made by the whole board. All present, pro and con, were asked if they approved of such arrangement, and they said that they did. The hearing was held, and later Mr. Clark examined the minutes and the premises and participated in a meeting whereat decision was made. The court held that the ordinance required the “ entire membership of the board ” to be present in order for it to have jurisdiction to grant a variance ; that the provision could not be waived; and the board could not acquire jurisdiction by consent or estoppel of the interested persons.
The principles enunciated in the Sesnovich case [supra) are not controlling on this court as a matter of law, but the reasoning is compelling. There are indications that the same result should be reached in this State (see Matter of Buffalo Cremation Co. v. March, 222 App. Div. 447, affd. 249 N. Y. 531; Matter of Palmer v. Mann, 206 App. Div. 484, affd. 237 N. Y. 616; Steers Sand & Gravel Corp. v. Village Bd. of Vil. of Northport, supra; 62 C. J. S., Municipal Corporations, §§ 227 [4], 227 [8], 227 [12], 227 [15]), and it is so held.
Since no valid hearing was conducted, there is no need for the court to discuss the merits of the action taken by the board. Petition is granted, and the determination of the board is annulled. (See Civ. Prac. Act, § 1296; Navin v. Early, 56 N. Y. S. 2d 346, 349; Western New York Water Co. v. Public Service Comm., 124 N. Y. S. 2d 612, 615.)
Submit order accordingly.