Samuel W. Eager, J.
This is an article 78 proceeding to review and annul the alleged determination of the respondent Zoning Board, which determination directed the issuance of a permit on application of one David Russell for the erection of a gasoline filling station on certain premises situate in a business district in the village of Cornwall. I find no triable issue.
The board, comprised of five members, held a public hearing in the matter, and the following transcript from the minutes of meeting of December 28, 1956, shows the vote of the board on the application for the permit, to wit: “ Col. Scarborough: I move that we grant the petition. Board Member : Seconded. Board Members voted as follows: Mr. Hasten: Against. Mr. Johnson: I am not going to vote because one of the objections was the Johnson’s garage across the street from this property, which is owned by my brother. I don’t think it is fair that I vote. Col. Scarborough : Grant the petition. Mr. Matthews : Grant the petition. Mr. Bevans (the Chairman): We have a vote of two to 1. I don’t have to vote. Meeting was adjourned.”
According to the record, therefore, there was not a vote by a majority of the whole board in favor of the motion to grant the permit. It is clear, therefore, that there was no due approval of the application. The vote of two to one with two other members abstaining was ineffective in view of the statutory requirement that such an application is to be approved by a majority of the board. At least three affirmative votes were required. (Village Law, § 179-b; Matter of Giuliano v. Entress, 4 Misc 2d 546.)
The board was apparently under the impression that the vote of two to one was effective to grant the application for the permit and a formal decision, with findings and conclusions, was prepared approving the application. The findings and conclusions were presented to the board at a later meeting held on January 14, 1957. Four of the members of the board (to wit, Scarborough, Hasten, Johnson and Matthews) were present at this January 14 meeting. The fifth member, Chairman Bevans, had, in the meantime, resigned. The following shows the action at this later meeting, to wit:
“ Matter of Application of David Russell for Variance from Zoning Ordinance. * * *
‘ ‘ Findings of Fact and Conclusions of Law having been presented, Melvin B. Johnson made a motion that the same be *960 adopted by the Board, seconded by Bussell Matthews and unanimously carried. The decision was signed by the Acting Chairman. ’ ’
Thus, at the January 14 meeting, the vote was unanimous (four to none) to adopt the decision prepared to carry out the alleged determination of the board to grant the permit. But it is to be borne in mind that there had been up to this point no valid determination in favor of the application. At the prior meeting, member Kasten had specifically voted “ against ” the granting of the application and member Johnson said he was “ not going to vote ” because he did not think it was “ fair ” that he vote owing to the fact that his brother owned property in the vicinity. The interested property owners attending the public hearing and meeting in December had a right to assume, when they left that meeting, that the vote of the members on the motion to grant the application stood as recorded at the close of such meeting.
Now, it would seem clear that, where the vote or stand of a particular member of an administrative or legislative body is given or taken upon a motion before the body and the voting and meeting is closed, the vote or stand of the member may not be changed or nullified at a later meeting except upon formal proceedings expressly taken by the body as a whole for a reconsideration of the matter. And, if there was to be a reconsideration of the vote of the respondent board here on Russell’s application for the building permit, it would also seem clear that this could only properly be accomplished at a public hearing (cf. Matter of Blum v. Board of Zoning & Appeals, 1 Misc 2d 668). In any event, if board member Kasten desired to change his vote from the negative to the affirmative upon the original proposition, it was necessary that he request leave of the board to do so. Also, if member Johnson, who elected not to vote, desired to change his stand and cast a vote, it would seem necessary that he request leave of the board to do so. These members were bound to make their intentions plain to the board which would have the right then to take such further action as a body as it deemed proper. (See, on subject of change of a vote or reconsideration of motion, 62 C. J. S., Municipal Corporations, § 407; Robert’s' Rules of Order §§ 36, 46.)
The vote of members Kasten and Johnson to adopt certain findings and conclusions to support the granting of a permit may not be accepted as a proper method of effecting a change in their original stand upon the application for the permit. As it stands now, they are not on record as voting in favor of the *961 motion to grant the permit. They are in the position still of being able to say to those interested that they did not favor the granting of the permit, but merely went along with the findings and conclusions prepared by the attorney on the belief that the earlier action of the board was effective and that they were bound thereby. In any event, a valid determination by an administrative body in a proceeding before it is a pre-requisite to the approval of findings and conclusions in the matter, and the action of the board here in adopting the findings and conclusions was ineffective in that there was then no valid determination to support the same.
Under the circumstances, the decision of the respondent board is to be and is annulled and the matter is remitted to the board for such proceedings as it deems proper. In the event of a reconsideration of the matter, it would seem that the board should hold a further public hearing giving all interested persons the opportunity to be heard and present evidence. The fact that the board has a new member in place of the one resigned will not prevent a reconsideration of the matter. (See Matter of Taub v. Pirnie, 3 A D 2d 753.)
Settle order on notice.