CLARK, ET AL. *v.* COUNTY BOARD OF APPEALS FOR MONTGOMERY COUNTY, ET AL.

[No. 315, September Term, 1963.]

*Decided June 19, 1964.*

The cause was argued before HENDERSON, HAMMOND, PRES-COTT, HORNEY and MARBURY, JJ.

*David Macdonald* for appellants.

*John J. Delaney, Assistant County Attorney,* with whom were *Robert G. Tobin, Jr., County Attorney for Montgomery County,* and *Douglas H. Moore, Jr., Deputy County Attorney,* on the brief, for appellees.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from an order affirming the decision of the County Board of Appeals of Montgomery County granting a special exception in an R R Zone to Geneva Culver to use her home at 207 Patrick Henry Drive, Williamsburg Village, Olney, Maryland, as a beauty shop. The appellants appear to concede that a beauty shop, of the limited type here involved, qualifies as a home occupation. Montgomery County Code (1960), sec. 104-29 p provides: "In any residential zone the use of a dwelling for a home occupation, upon a finding by the board that such use will not constitute a nuisance because of sidewalk or street traffic, noise or type of physical activity, and that such use will not tend to affect adversely the use and development of adjoining properties in the immediate neighborhood. Permission so to use such property for such home occupation may be granted by said board for a one-year period and may be renewed by the board at yearly intervals upon the same findings required for the initial grant of permission by said board. * * *." See also sec. 104-27.

The appellants contend that the Board's decision was invalid because the Board failed to make findings of fact and to state the grounds of its decision. See Montgomery County Code (1960) sec. 104-22 d. Cf. Maryland Code (1963 Supp.), Art. 25A, sec. 5(U)(4). As the trial court remarked, the findings in the instant case "leave much to be desired." The authorities indicate that a mere conclusion or finding of an ultimate fact will not suffice. *Robey v. Schwab,* 307 F. 2d 198 (C.A.D.C.) ; 2 Am. Jur. 2d *Administrative Law* § 451 et seq.; Note, 146 A.L.R. 209. However, we think the Board's opinion was sufficient in this relatively simple case. The Board summarized the evidence on both sides, and noted that off-street parking was

available for five cars, no help, or special equipment except one chair and a hair dryer, such as are to be found in many homes, would be employed, and only a three-inch sign would be displayed. It noted that most of the witnesses appearing in opposition agreed that there would be no nuisance created because of noise or traffic, and that many neighbors were in favor of the grant.

The village is a quiet, residential community with substantial dwellings on rather large lots. The home in question was found by the Board to be "in keeping with the other dwellings in the neighborhood," and that no external changes were proposed, except to convert one window into a door. The appellants argue that the burden was upon the applicant to show by a preponderance of the testimony that there would be no nuisance, or adverse effect upon adjourning properties, citing *Robertson v. Board of Appeals,* 210 Md. 190. That case, however, is distinguishable upon the facts. Cf. *Perry v. Board of Appeals,* 211 Md. 294, 299. It was an application for a large off-street parking lot in a residential zone adjacent to a shopping center on a tract zoned commercial. We held there was no evidence to meet the burden of establishing that there would be no nuisance. In the instant case we think there was substantial evidence to support the Board's finding that there would be no nuisance or adverse effect. The applicant testified that she could handle only about three or four customers per day, or some twenty-two customers a week. She had never had more than two cars there at a time, in some six months of operation prior to her application. None of this testimony was contradicted, and several witnesses testified there was no unusual flow of traffic, and there would be no adverse effect upon real estate values.

The final point raised by the appellants gives us more concern. Montgomery County Code (1960), sec. 104-22 d provides that "all actions or decisions of the board shall be taken by a resolution, in which at least three members must concur * * * and the full text of said resolution and record of members' votes shall be incorporated in the minutes of said board." Sec. 104-23 a(1) provides that before making its decision on any

petition for special exception "the board shall hold a public hearing thereon." The record shows that only two members of the Board were present at the hearing. A third member concurred in the resolution after reading the transcript and looking at the exhibits. The other two Board members were not present and did not participate in the decision.

The appellee argues that although the local law requires that at least three members concur in a decision, this does not mean that the members concurring and voting shall have participated in the hearing required by subsection 23 a (1), and by the enabling act, Maryland Code (1963 Supp.), Art. 25A, sec. 5 (U)(4). We do not agree. In *Sullivan v. Northwest Garage, Inc.,* 223 Md. 544, 548, we spoke of the necessity "that there shall be public hearings in adversary proceedings. However, this requirement of the law * * * does not apply to deliberations of an Administrative Board after testimony is taken and arguments heard." In *Yopps v. State,* 228 Md. 204, 207, we recognized that, at least in a criminal case, a party has a right to be heard through counsel, and it is manifest that when a member absents himself from the public hearing required by law the parties are deprived of the opportunity of presenting their arguments. Moreover, insofar as the case may turn on the credibility of the witnesses, absent members do not have the opportunity of seeing and hearing the witnesses. We have held that the decision of a board, at least when acting in a quasi-judicial capacity, must be based on the evidence presented. *Montgomery County Council v. Kaslow,* 235 Md. 45; *Mayor and Council v. Cotler,* 230 Md. 335, 340; *Hedin v. Bd. of Co. Commissioners,* 209 Md. 224, 233; *Oursler v. Bd. of Zoning Appeals,* 204 Md. 397, 404, and cases cited. See also the article by Cohen in 24 Md. L. Rev. 1, 15.

It appears to be accepted practice, in the case of Federal administrative agencies for absent members of such tribunals to participate in decisions, provided they have familiarized themselves with the transcript of testimony. Professor Davis calls this "clear and satisfactory." 2 Davis, *Administrative Law Treatise,* § 11.20 et seq. Apparently the Supreme Court sees no constitutional objection. Cf. *Morgan v. United States,* 298 U. S. 468; *Opp Cotton Mills v. Administrator,* 312 U. S. 126;

and *Communications Comm'n v. WJR.,* 337 U. S. 265. But the mere fact that due process may not be violated ("one who decides must hear"), does not solve the problem of statutory construction. Some state courts have adopted the Federal rule. *Allied Compensation Ins. Co. v. Industrial Acc. Com'n,* 367 P. 2d 409 (Cal.) ; *City of Derby v. Water Resources Com.,* 172 A. 2d 907 (Conn.). And see *Taub v. Pirnie,* 144 N. E. 2d 3 (N.Y.) (commented on in a Note, 42 Minn. L. Rev. 292) holding that a board member could act on the basis of his personal knowledge, even where he had not read the record. That, of course, is quite at odds with our holdings in *Hedin* and the other cases cited *supra.*

Other state courts have taken a contrary view, and require the presence at the hearing or hearings of all members who participate in the decision. *Colorado State Board of Nurse Examiners v. Hohu,* 268 P. 2d 401 (Col.) ; *Hawkins v. Common Council of City of Grand Rapids,* 158 N. W. 953 (Mich.) ; *Sesnovich v. Board of Appeals,* 47 N. E. 2d 943 (Mass.) ; *Perkins v. School Committee of Quincy,* 51 N. E. 2d 978 (Mass.) ; *City of Passaic v. Passaic County Board of Taxation,* 113 A. 2d 753, 767 (N.J.). But cf. *Shawley v. Industrial Commission,* 114 N. W. 2d 872 (Wisc.). See also the cases collected in a Note, 18 A.L.R. 2d 606. We think the cases holding that at least enough members to constitute a quorum for decision, be present at the public hearing, are more consistent with our construction of the ordinance in the instant case, and with our prior decisions. Accordingly, we hold that the Board's decision was improperly reached and the order must be reversed.

> *Order reversed and case remanded for further proceedings, not inconsistent with the views here expressed, costs to be paid by the appellees.*