484 P.2d 226

**COMMITTEE FOR NEIGHBORHOOD PRESERVATION et al., Appellants,**

v.

**Milton H. GRAHAM et al., Appellees.**

**No. I CA–CIV 1524.**

Court of Appeals of Arizona,
Division 1,
Department A.

May 5, 1971.

Rehearing Denied June 2, 1971.

Review Denied July 13, 1971.

Debus, Busby & Fineberg, by A. Jerry Busby, Phoenix, and Moore, Romley, Kaplan, Robbins & Green, by Craig R. Kepner, Phoenix, for appellants.

Joe R. Purcell, City Atty., City of Phoenix, by Donald W. Lindholm, Asst. City Atty., for the Mayor and Council of the City of Phoenix and City of Phoenix, appellees.

Beer & Kalyna, by Olgerd W. Kalyna, Phoenix, for appellees Scarla.

STEVENS, Presiding Judge.

This appeal relates to two of the requirements for the passage of an ordinance by the City of Phoenix, which ordinance changes the zoning of a parcel of land.

The appellants will be referred to as the plaintiffs, they being the plaintiffs in the Superior Court. The appellees Scarla were defendants in the Superior Court and will be referred to as Scarla. The appellee Westcor, Inc., a corporation, was an intervenor in the Superior Court and made no appearance on this appeal. The remaining appellees were the defendants in the Superior Court and as individuals were the duly qualified Mayor and Council of the City of Phoenix, a body of seven members.

Scarla applied for a zoning change. The request was favorably considered by the Phoenix Planning and Zoning Commission and the Commission rendered its report to the City Council. Thereafter due notice was given of a public hearing which was held as scheduled on 1 October 1969. Only the Mayor and three other members of the Council were present. The pros and cons of the proposal were presented, a formal written protest having been filed with the Council prior to the meeting. The proposed change was taken under advisement.

On 7 October 1969 the Mayor and six Council members being present, the ordinance changing the zoning was adopted by a vote of six favorable and one opposed. The individual plaintiffs had signed the opposition to the zoning change. After the ordinance was declared to have been duly passed a suit was filed seeking to declare the ordinance to be invalid for two reasons: First, only four persons qualified to vote were present at the hearing and; second, the vote on 7 October was not a roll call vote.

It is clear that the Arizona Legislature has preempted the field of zoning legislation setting forth the guidelines for cities (A.R.S. § 9-461 et seq.) and for counties (A.R.S. § 11-801 et seq.). Two cases illustrating this fact in relation to cities are Wood v. Town Of Avondale, 72 Ariz. 217, 232 P.2d 963 (1951) and Manning v. Reilly, 2 Ariz.App. 310, 408 P.2d 414 (1965), and this fact is established as to counties by Hart v. Bayless Investment & Trading Company, 86 Ariz. 379, 346 P.2d 1101 (1959). In Manning our Court stated:

"An Arizona municipality must comply with the following requirements of A.R.S. §§ 9-462 and 9-463 prior to enactment of a zoning ordinance:

(a) Its zoning commission must make a preliminary report recommending both the boundaries of and the regulations to be enforced in various original districts.

(b) Its zoning commission must hold public hearings on the preliminary report and then must submit its final report to the municipality's governing body.

(c) After receipt of this final report, the governing body must hold a public hearing, on 15 days published notice.

\*   \*   \*   \*   \*   \*

Ordinances enacted without substantial compliance with the statutory requirements are void.

\*   \*   \*   \*   \*   \*

The requirements for enacting a zoning ordinance applicable to appellees' property were not complied with. Notwithstanding the City's prerogative to disregard the report which is advisory in nature, it could not proceed without receipt of a final report containing *zoning recommendations.*" (Emphasis Theirs) 2 Ariz.App. at 312, 313, 408 P.2d at 416, 417.

In Hart our Supreme Court stated:

"The authority of the Board of Supervisors, constituting the legislative body of the county, to adopt zoning ordinances is undisputed. This power is derived from 'The County Planning and Zoning Act of 1949', Ch. 58 S.L. '49 (now A.R.S. sections 11-801 to 11-830),

\* \* \* \* \* \*

However, it must be recognized that the authority granted to the county supervisors in this respect is limited by the terms of section 3 thereof (now A.R.S. § 11–802), which requires that a zoning ordinance, to be effective, must be enacted in accordance with the provisions of the Zoning Act.

\* \* \* \* \* \*

As has been noted above, we are here concerned with an exercise of a legislative power delegated to the Commission and the Board. It should be borne in mind that there is a fundamental distinction, as regards due process of law, between a legislative hearing and an adversary proceeding. In a hearing of the former type, due process requires only that all interested parties be allowed to present their views and arguments. (Citations omitted.) It is not necessary, in order to provide due process, that interested parties be present at all stages of the legislative deliberations. Such a requirement is properly applicable only to adversary proceedings.

\* \* \* \* \* \*

"Although, \* \* \* this Court is not precluded from inquiring into the regularity of the proceedings attendant to the enactment of a county ordinance, such ordinance will not be set aside unless defects are shown which are jurisdictional in nature." 86 Ariz. at 382, 389, 390, 346 P.2d at 1104, 1108, 1109.

The section of the Arizona Revised Statutes involved in the instant case is § 9–462, as amended effective 31 March 1969. We quote the pertinent portions thereof:

"A. \* \* \* No ordinance shall be enacted nor any amendments made thereto until after a public hearing in relation thereto at which parties in interest and citizens shall have an opportunity to be heard.

\* \* \* \* \* \*

D. If the owners of twenty per cent or more \* \* \* file a protest in writing against a proposed amendment, it shall not become effective except by the favorable vote of three fourths of all members of the governing body of the municipality. If any members of the governing body are unable to vote on such a question because of a conflict of interest, then the required number of votes for passage of the question shall be three fourths of the remaining membership of the governing body, provided that such required number of votes shall in no event be less than a majority of the full membership of the legally established governing body."

The appellants urge the following provisions of the Charter of the City of Phoenix.

"Sec. 6. Quorum.

A majority of the members of the council shall constitute a quorum for the transaction of business.

\* \* \* \* \* \*

Sec. 9. Ayes and nays to be recorded.

The ayes and nays shall be taken upon the passage of all ordinances and resolutions and entered upon the journal of the proceedings of the council.

\* \* \* \* \* \*

Sec. 23. When member excused from voting; failure to vote

No member shall be excused from voting except upon matters involving the consideration of his own official conduct. In all other cases a failure to vote shall be entered on the minutes as an affirmative vote."

The Mayor and Council of the City of Phoenix constitute a legislative body and the enactment of zoning ordinances is a legislative act. The state statutes control.

**460**

It is clear from the record that the individual members of the City Council inform themselves as to the prospective zoning changes by their examination of the Commission's report and recommendations, and that they also utilize their personal visual inspection of the property, their communications with people other than at formal meetings and, if absent from the A.R.S. § 9–462, subsec. A hearing, from such information as to that hearing as they as individuals with legislative responsibility require to enable them to individually cast an intelligent vote. Guided by Charter § 6 there was a quorum present to conduct the public hearing on 1 October. It is interesting to note that if upon the final vote in connection with the adoption of a zoning change three members deem themselves "unable to vote on such a question because of a conflict of interest" (A.R.S. § 9–462, subsec. D); then the four remaining members could pass the ordinance. Our statute calls for a "public hearing." Our statute does not specify the minimum number of the legislative body that must be present. We will not read into the statute a meaning which we do not find clearly expressed.

The record is clear and unimpeached that at the time of the 7 October 1969 vote the Mayor and six Council members were present and that but one negative vote was cast. This was not a roll call vote. The statute does not require a roll call vote.

There are other potential issues of interest, including the right of the "Committee for Neighborhood Preservation, an unincorporated association" to appear as a party in this litigation, which questions we need not answer and by our silence we do not mean to lend approval to the participation by the above-named Committee.

The judgment is affirmed.

CASE and DONOFRIO, JJ., concur.