636 P.2d 131

Marva J. CROAFF, Plaintiff-Appellant,

v.

Bruce EVANS, Brad Stewart and John Olsen, as members of and constituting the Board of Supervisors of Yavapai County; Yavapai County, a subdivision of the State of Arizona; Robert E. Hannay and Joanne I. Hannay, his wife, Defendants-Appellees.

No. 1 CA–CIV 4669.

Court of Appeals of Arizona, Division 1, Department B.

Sept. 10, 1981.

Rehearing Denied Oct. 22, 1981.

Review Denied Nov. 10, 1981.

Donald W. Lindholm, Phoenix, for plaintiff-appellant.

Billy L. Hicks, Yavapai County Atty., Prescott, for Evans, Stewart, Olsen and Yavapai County.

Boyle, Brown, Eaton & Pecharich by Raymond W. Brown, Prescott, for Hannays.

OPINION

HAIRE, Presiding Judge.

This appeal is from a judgment entered by the Yavapai County Superior Court refusing to hold an amendment to the zoning ordinances of Yavapai County invalid. Plaintiff-appellant urges that the amendment was invalidly enacted because:

1. A quorum of the Board of Supervisors did not officially participate in the statutorily required public hearing on the proposed amendment prior to its enactment; and,

2. Although twenty percent of the property owners allegedly filed protests to the proposed change, the amendment did not receive a "unanimous vote of all members of the board" as required by A.R.S. § 11–829 C.

The parcel involved in the proposed rezoning was part of an abandoned railroad right-of-way adjoining plaintiff's property. Since no question has been raised concerning whether the granting of the proposed amendment was within the legislative discretion of the board or supported by the record, we will not discuss the prior and present usage of the subject property or the situation which led to the filing of the application for zoning amendment by the Yavapai County Planning and Zoning Commission.

After due and proper notice, the Zoning Commission held the public hearing required by A.R.S. § 11–829 B, and gave its report to the Yavapai County Board of Supervisors recommending approval of the proposed change. The Board of Supervisors likewise gave appropriate notice, and then proceeded to conduct its own public hearing on the proposed change as required by A.R.S. § 11–829 C. Several other matters of official business were on the supervisors' agenda immediately preceding the public hearing on the proposed change. On all of these matters, two members [1] of the three-member Yavapai County Board of Supervisors were present and participated. However, shortly after the commencement of the public hearing on the subject zoning amendment, supervisor Evans announced that he was disqualifying himself for interest, upon the basis that he was an adjacent property owner. This left supervisor Stewart as the sole member of the board officially participating in the hearing.

The only protest made at the hearing was on behalf of plaintiff, who was present in person and represented by counsel. No objection was made at that time concerning the lack of a quorum nor was any continuance requested. After all testimony had been heard, supervisor Stewart closed the hearing and announced that a decision on the matter would be held in abeyance until such time as chairman Olsen could be present to consider the matter. Plaintiff's counsel requested, and was advised, of the date and time that further consideration would be given to the matter.

On the date and at the time specified, the matter was again considered. Plaintiff did not appear in person or by counsel. After discussion, the proposed change was approved by the votes of two members, Stewart and Olsen. Although supervisor Evans was also present at this meeting, he again disqualified himself, and did not participate in the discussion or voting.

Against this background, we now consider the two issues raised on appeal by appellant. Additional facts will be presented as pertinent to the defendants-appellees' response to these issues.

THE LACK OF A QUORUM AT THE BOARD'S PUBLIC HEARING

The question of whether a quorum of the Board of Supervisors must be present at a

1. These were defendants-appellees Bruce Evans and Brad Stewart. Supervisor John Olsen, because of a commitment to attend a legislative hearing in Phoenix, was not present.

statutorily required public hearing on a proposed zoning amendment has not been directly presented in Arizona. On its face, A.R.S. § 11–829 does not require that a quorum or specific number of the members of the Board of Supervisors attend the public hearing on the proposed zoning change, or that a decision on the merits be made by the board at the time of the public hearing. In urging that a quorum is required, appellant relies on A.R.S. § 11–216 B,[2] which specifies that a "majority of the board constitutes a quorum for the transaction of business." Appellant also cites numerous cases from other jurisdictions holding that quorum requirements for the transaction of the business of a public body are applicable to statutorily required public hearings. See, e. g., City of Passaic v. Passaic County Board of Taxation, 18 N.J. 371, 113 A.2d 753 (1955); Clark v. County Board of Appeals for Montgomery County, 235 Md. 320, 201 A.2d 499 (App.1964); Ct. of Appeals of Md. Limited [Younkin v. Boltz], 241 Md. [339] 344, 216 A.2d [714] 716 (on another point). Appellees, on the other hand, argue that the board's function in considering proposed zoning amendments is legislative in character, and rely on Committee for Neighborhood Preservation v. Graham, 14 Ariz.App. 457, 484 P.2d 226 (1971), for the proposition that the presence of a quorum is not necessary for the public hearing required prior to such zoning enactments. We reject appellee's interpretation of Graham.

Committee for Neighborhood Preservation v. Graham, supra, involved the question of whether the Phoenix City Council had validly enacted an ordinance changing the zoning of a parcel of land. A.R.S. § 9–462 required that the council hold a public hearing prior to the enactment of such a zoning change. The city council had seven members, only four of whom attended the public hearing. Although the opinion is not explicit on this point, it appears that because more than twenty percent of the adjacent owners had filed a protest against the proposed change, a favorable vote of three-fourths of all members of the Commission was necessary for the passage of the amendment. See A.R.S. § 9–462 D (as amended, 1969). The question thus presented in Graham was whether the votes of the members who had not attended the public hearing could be counted as part of the statutorily required three-fourths approval for passage.

The Graham court first quoted extensively from the Arizona Supreme Court's prior opinion in Hart v. Bayless Investment & Trading Co., 86 Ariz. 379, 346 P.2d 1101 (1959), as follows:

"As has been noted above, we are here concerned with an exercise of a legislative power delegated to the Commission and the Board. It should be borne in mind that there is a fundamental distinction, as regards due process of law, between a legislative hearing and an adversary proceeding. In a hearing of the former type, due process requires only that all interested parties be allowed to present their views and arguments. (Citations omitted.) It is not necessary, in order to provide due process, that interested parties be present at all stages of the legislative deliberations. Such a requirement is properly applicable only to adversary proceedings." 14 Ariz.App. at 459, 484 P.2d at 228.

After noting that Section 6 of the Charter of the City of Phoenix provided that:

"A majority of the members of the council constitute a quorum for the transaction of business",

---

2. A.R.S. § 11–216 B provides:

"B. A majority of the board constitutes a quorum for the transaction of business."

The provisions of A.R.S. § 11–216 B. are in accord with the Arizona statute governing boards and commissions generally, A.R.S. § 1–216, which provides:

"A. Words purporting to give a joint authority to three or more public officers or other persons shall be construed as giving the authority to a majority of the officers or persons unless it is otherwise expressly declared in the law giving the authority.

B. A majority of a board or commission shall constitute a quorum."

and that a majority, and thus a quorum, was in fact present for the public hearing, the court stated:

"Our statute calls for a 'public hearing.' Our statute does not specify the minimum number of the legislative body that must be present. We will not read into the statute a meaning which we do not find clearly expressed." 14 Ariz.App. at 460, 484 P.2d at 229.

Accordingly, the court refused to hold that the public hearing requirement for the passage of the ordinance had been violated.

In our opinion, neither the holding nor the reasoning of the court in *Graham* supports appellees' contention that the public hearing provisions of A.R.S. § 11–829 C can be satisfied without the attendance of a quorum of the board. First, we note that the *Graham* case expressly alluded to the Phoenix City Charter's quorum requirement and the fact that the charter requirement had been satisfied. Second, although the court's remarks concerning the legislative character of the zoning process do offer some facial support for appellees' contentions, in our opinion these remarks were not intended to imply that statutory provisions concerning the necessity of a quorum for the transaction of the board's business were not applicable to the public hearing requirements of the zoning process. Rather, the court's remarks concerning the legislative nature of the zoning process were intended to negate the applicability of strict judicial due process concepts to the public hearing aspects of that process, especially when such judicial due process concepts might be in excess of the governing statutory requirements.

■ A.R.S. § 11–216 requires a quorum for the "transaction of business" by the Board of Supervisors. Under a substantially similar quorum statute, the Georgia Supreme Court has held that a statutorily required public hearing on a proposed zoning enactment constitutes the transaction of the "official business" of the governmen-

tal body involved so as to necessitate the presence of a quorum at the hearing. *Vaughan v. Duke*, 232 Ga. 545, 207 S.E.2d 509 (1974). We agree, and therefore hold that the holding of the public hearing required by A.R.S. § 11–829 C constituted the "transaction of business" by the board which required the presence of a quorum of the board. Since a quorum was not present, the public hearing did not fully comply with the statutory requirements.

■ We next consider whether this lack of full compliance may be raised by appellant as a basis for invalidating the zoning enactment. The appellees contend that appellant by her conduct has waived the right to object to this lack of a quorum. The facts upon which this contention is based are as follows: 1) proper notice of the hearing was given and appellant was the only protestor who appeared; 2) a quorum of the board was initially present; 3) when supervisor Evans disqualified himself, leaving only one board member, appellant's counsel remarked to appellant that the disqualification left the board without a quorum,[3] but, nevertheless, appellant proceeded to present appellant's protest without objecting to the lack of a quorum or seeking a continuance; 4) supervisor Stewart's sole motivation in proceeding with the public hearing at that time was a concern for the convenience of appellant; and 5) had appellant objected, the public hearing would have been continued to a time when a quorum would be available.

Waiver is defined as the voluntary and intentional relinquishment of a known right or such conduct as warrants an inference of the relinquishment of such right. *City of Tucson v. Koerber*, 82 Ariz. 347, 313 P.2d 411 (1957). Factually, there can be no question but that the conduct of plaintiff at the public hearing warranted an inference of a voluntary relinquishment by plaintiff of her right to have a quorum of the board present at the balance of the public hearing after supervisor Evans disqualified himself. The

3. Although this remark of counsel does not appear in the record before the Board of Supervisors and apparently was not heard by the board, both appellant and appellant's counsel admitted at the superior court trial of this matter that the remark was made.

more difficult question is a legal one, that is, whether the lack of a quorum at the public hearing is a non-jurisdictional defect which is subject to waiver.

While we have no Arizona authority directly in point, our analysis of this question must begin with a consideration of the Arizona Supreme Court's opinion in *Hart v. Bayless Investment & Trading Co., supra.* *Hart* involved an attack on the validity of the basic ordinances enacted by the Maricopa County Board of Supervisors establishing zoning for all unincorporated areas of Maricopa County. After finding that notice of the required public hearings before both the Zoning Commission and the Board of Supervisors had not been given in compliance with statutory requirements, and that one of the required public hearings had not even been held, the court proceeded to determine "whether these procedural defects [were] of such gravity that the ordinances must be invalidated." 86 Ariz. at 390, 346 P.2d at 1109. Giving due deference to the legislative process, the court noted that the ordinances would not be set aside unless the defects shown were jurisdictional in nature, and, applying that standard, held the ordinances invalid, stating:

"In other jurisdictions, courts which have been confronted with this issue have found, almost without exception, that compliance with statutory requirements as to hearing and notice is jurisdictional and that ordinances which have not been adopted in conformity with the enabling Act are void. *Hurst v. City of Burlingame*, 207 Cal. 134, 277 P. 308; *Kelly v. City of Philadelphia*, 382 Pa. 459, 115 A.2d 238; *Rhode Island Home Builders v. Budlong Rose Co.*, 77 R.I. 147, 74 A.2d 237; *Treat v. Town Plan & Zoning Commission*, 145 Conn. 136, 139 A.2d 601; *Gendron v. Borough of Naugatuck, supra* [21 Conn.Sup. 78, 144 A.2d 818]." 86 Ariz. at 390–91, 346 P.2d at 1109–10.

We do not construe *Hart* as holding that every procedural defect which might occur in the public hearing process of a county zoning ordinance enactment qualifies as a jurisdictional defect so as to automatically mandate a finding that the enactment is invalid. *Hart*, and all of the cases relied upon in the court's decision in *Hart*, involved circumstances where there had been a failure of the appropriate legislative zoning body to give notice of the public hearing in the statutorily required manner. Inherent in these decisions is the principle that the entire public is entitled to notice in full compliance with the governing statutory provisions, and that the public's entitlement to such notice may not be waived by those individual members of the public who actually attend the improperly noticed hearing.

In the case presently before this court, the statute governing notice has been strictly complied with and the interests of the public in general have been served by such notice. The public hearing was duly convened by a quorum of the board and thus no legal defect existed at the inception of the public hearing. At that point, there had been compliance with the public's due process rights relating to the hearing, and since plaintiff was the only protestor appearing at the hearing, any procedural defects thereafter occurring in the hearing process were related to plaintiff's individual right to a fair hearing.

The Arizona Supreme Court in *Hart* has recognized that under appropriate circumstances equitable defenses might bar an individual complainant from asserting the invalidity of the zoning ordinance. It is our opinion that the facts of this case present an appropriate occasion to apply that principle, upon the basis that plaintiff, by her conduct, has waived her individual right to a hearing before a quorum of the board.[4]

The doctrine of waiver as applied to an individual's due process rights concerning hearings before an administrative body is not a new concept in Arizona law. In an early decision, *Johnson v. T. B. Stewart Construction Company*, 37 Ariz. 250, 293 P. 20 (1930), an appeal involving the rights of a workmen's compensation claimant to a

---

4. We do not hold that in every instance an individual protestant has the right to be heard at a public hearing involving a zoning enactment.

hearing before the members of the Industrial Commission, the court stated:

> "But suppose . . . that the testimony was taken . . . with no member of the commission . . . present, and that such procedure is not the one contemplated by law, we think claimant is in no position to complain for the reason that he was present at both hearings, represented by counsel, participated in the hearings . . . and made no objection whatever." *Id.* at 253, 293 P. at 22.

*See also Stoll v. Industrial Accident Commission,* 20 Cal.2d 440, 126 P.2d 865 (1942).

While we view the application of waiver in a zoning hearing context as being in accord with general principles of law governing a waiver of individual rights in hearings before administrative bodies, we recognize that this is contrary to the view taken by the Massachusetts court in *Sesnovich v. Board of Appeal,* 313 Mass. 393, 47 N.E.2d 943 (1943).[5] We believe, however, that the analysis presented in *Sesnovich* is unsound in that it does not adequately address an important issue: that is, the point at which the public's interest has been adequately protected so that any jurisdictional basis for invalidating the enactment has ceased to exist. *Cf. Holmes v. Graves,* 83 Ariz. 174, 318 P.2d 354 (1957). We also note that *Sesnovich* is contrary to Arizona law in its holding that only those members of the governing body who participated in the hearing may thereafter vote on the enactment of the proposed ordinance.[6]

We therefore hold that plaintiff waived her right to have a hearing before a quorum of the board, and proceed to the final issue raised by plaintiff.

## THE UNANIMOUS VOTE REQUIREMENT

As we have previously noted, the approval of this proposed zoning amendment was by a vote of two of the three members of the board, with the third member not participating because of his disqualification. A.R.S. § 11–829 C provides that "if twenty per cent of the owners of property by area and number within the zoning area file a protest to the proposed change, the change shall not be made except *by the unanimous vote of all members of the board.*" (Emphasis added).

Plaintiff contends that because only two supervisors voted on and approved the proposed amendment, it did not receive the unanimous vote of all members of the board, and therefore the enactment was invalid.[7] Thus, the question presented is what constitutes "all members of the board" when one of its members has disqualified himself concerning that particular matter. The appellees urge that the remaining members constitute the full membership under such circumstances, and that the requirements of the statute have been met if all the remaining members are present and vote in favor of the matter.

The meaning to be given to identical or similar statutory language has been considered in various factual contexts by the courts. When the record shows that a member is absent, or when present merely fails to vote, the cases generally hold that if the statute requires a unanimous vote (or some other specific percentage or proportion) of *all* of the members, the action taken by the body will be valid only if passed by the required number of the entire member-

---

5. *See also Giuliano v. Entress,* 4 Misc.2d 546, 158 N.Y.S.2d 961 (1957), which relied upon *Sesnovich, supra.*

6. *See Committee for Neighborhood Preservation v. Graham,* (cited and discussed above in text). The Arizona court's decision on this point is in accord with the majority view that members of an administrative body absent from a hearing may participate in the decision, if they familiarize themselves with the evidence. *See* 2 Davis, Administrative Law Trea-

tise, § 11.20 (1958); Annot. 18 A.L.R.2d 606 (1951).

7. Appellees contend that the required percentage of property owners did not file protests so as to require a unanimous vote by the board. For the purposes of our discussion of this issue, we will assume that this statutory prerequisite to the unanimous vote requirement was fulfilled.

ship.[8] *See, e.g., Ram Development Co. v. Shaw,* 309 Minn. 139, 244 N.W.2d 110 (1976); *Crickenberger v. Town of Westfield,* 71 N.J.L. 467, 58 A. 1097 (1904); *State v. Egg Harbor City,* 55 N.J.L. 245, 26 A. 89 (1893); *Town of Davis v. Davis,* 40 W.Va. 464, 21 S.E. 906 (1895). Thus the mere absence or abstention of a member would render impossible a unanimous vote under a statute such as A.R.S. § 11–829 C.

A different question is presented when a vacancy, as opposed to a mere absence or failure to vote, occurs in the membership. In such situations the courts have paid close attention to the precise language used in the statute. Thus, if the statute requires the vote of a specified proportion of all members "elected", it has been held that the reason for the vacancy is immaterial, and that the required proportion must be determined based upon the entire authorized membership of the body, unaffected by the vacancy. *See e.g., Town of Davis v. Davis, supra.* On the other hand, under statutory language similar to that set forth in A.R.S. § 11–829 C which requires the unanimous vote (or a specified proportion) "of all members" without additional qualifying words such as "elected", compliance is determined based upon the then current total membership, as reduced by any vacancy which might exist. *State ex rel. Peterson v. Hoppe,* 194 Minn. 186, 260 N.W. 215 (1935); *State ex rel. Wilson v. Willis,* 47 Mont. 548, 133 P. 962 (1913).

In considering the applicability of these principles to the facts involved in this appeal, it is our opinion that the disqualification of a member is closely analogous to the situation created by a vacancy. This approach is in accord with the only decisions which we have found that are directly in point. *See Hannan v. City of Coppell,* 583 S.W.2d 817 (Tex.Civ.App.1979), and *City of Alamo Heights v. Gerety,* 264 S.W.2d 778

(Tex.Civ.App.1954). Both of these decisions involved the disqualification of a zoning body member and the effect of that disqualification under a statute which required a three-fourths vote of "all the members" of the zoning body for the enactment of the proposed zoning change. In both instances, the Texas courts concluded that a disqualification must be treated as though it were a vacancy for that particular matter, and, therefore, that under the statutory language involved the disqualified member should not be counted in determining the number which constituted "all the members" of the legislative body for voting purposes.

As applied to the facts before this court, since one of the supervisors was disqualified, he was not a member of the board for the purpose of the statutory unanimous vote requirement. The remaining two members constituted the total membership of the board and their votes of approval constituted "the unanimous vote of all members of the board" for purposes of the proposed zoning amendment.

In urging a contrary interpretation of A.R.S. § 11–829 C plaintiff cites A.R.S. § 9–462.04 G, a part of the statutory scheme authorizing the enactment of zoning ordinances by cities and towns. A.R.S. § 9–462.04 G. provides:

"G. If the owners of twenty per cent or more either of the area of the lots included in a proposed change, or of those immediately adjacent in the rear or any side thereof extending one hundred and fifty feet therefrom, or of those directly opposite thereto extending one hundred and fifty feet from the street frontage of the opposite lots, file a protest in writing against a proposed amendment, it shall not become effective except by the favorable vote of three-fourths of all members of the governing body of the municipali-

---

[8]. When the statute includes language such as "the unanimous vote of the supervisors" and does not include a specific requirement that the action be taken by "all members" or "the whole membership" (or words of similar import), it is generally held that the requirement is met by unanimity of the members present.

*See San Christina Investment Co. v. City and County of San Francisco,* 167 Cal. 762, 141 P. 384 (1914); *Gumm v. City of Lexington,* 247 Ky. 139, 56 S.W.2d 703 (1933); 4 McQuillin, The Law of Municipal Corporations, § 13.31 (1979).

ty. *If any members of the governing body are unable to vote on such a question because of a conflict of interest, then the required number of votes for passage of the question shall be three-fourths of the remaining membership of the governing body, provided that such required number of votes shall in no event be less than a majority of the full membership of the legally established governing body."* (Emphasis added).

It will be noted that the emphasized language is in accord with the result we have reached in this opinion insofar as concerns the interpretation of the analogous county zoning enabling statute. Plaintiff argues that since the legislature did not insert a similar provision in the county zoning statute, A.R.S. § 11–829 C, it is apparent that it intended a different result. We would find plaintiff's arguments more persuasive if A.R.S. § 9–462.04 G in its present form had been enacted contemporaneously with A.R.S. § 11–829 C.[9] If such were the case an argument could be made that at a time when the legislature's attention was specifically directed to both city and county zoning enabling legislation, by putting the provisions in one enactment and not in the other, it manifested an intent to require different results. We are faced with the fact, however, that simultaneous enactment did not occur, and that well-reasoned case law previously discussed in this opinion requires an interpretation of A.R.S. § 11–829 C which is consistent with that eventually expressly manifested by the legislature in its amendment of A.R.S. § 9–462.04 G.[10] Absent some additional indication of legislative intent not urged by counsel nor revealed in this court's research, we do not find that the legislature's subsequent amendment of A.R.S. § 9–462.04 C precludes the interpretation which we now ascribe to § 11–829 C.

As a final note we point out that sound public policy supports and requires the disqualification of public officials when their private interests create a possibility of conflict with their public duties. See A.R.S. §§ 38–501 et seq. In view of that sound public policy, unless required by clear and unambiguous statutory language, we should not adopt a statutory interpretation which would discourage free exercise by a public official of his obligation to disqualify himself under appropriate circumstances. In our opinion, the interpretation urged by plaintiff would have that effect, since any disqualification by a member would serve to deprive the board of jurisdiction to consider a proposed zoning change when the specified percentage of protests had been filed. As we have indicated, no clear and unambiguous statutory language requires such a result here. Rather, the language used, reasonably interpreted, allows the proposed change to be validly enacted by the unanimous vote of all the members of the board remaining after the disqualification.

The judgment entered by the trial court refusing to set aside the zoning enactment is affirmed. Appellees' request for an award of attorney's fees as reasonable damages pursuant to the provisions of Arizona Rules of Civil Appellate Procedure, Rule 25, 17A A.R.S., is denied.

JACOBSON and EUBANK, JJ., concur.

---

**9.** It appears that the emphasized language of A.R.S. § 9–462.04 G was first enacted in Chapter 47, Arizona Session Laws, 1969.

**10.** The pertinent language was initially a part of A.R.S. § 9–462 D.