119 P.3d 463

**MOBILE COMMUNITY COUNCIL FOR PROGRESS, INC., a not-for-profit corporation; Terry Hudson, in his individual capacity and as a member of the mobile Community Council; Adrienna Hudson; a minor child; Shannon and Jason Besler, wife and husband; Asia Besler, Plaintiffs–Appellants,**

v.

**The Honorable Fulton BROCK; Don Stapley; Andrew Kunasek; Max W. Wilson; Mary Rose Wilcox, duly elected or appointed members of the Maricopa County Board of Supervisors who are named solely in their official capacities; The Maricopa County Board of Supervisors, Defendants–Appellees.**

No. 1 CA–CV 04–0507.

Court of Appeals of Arizona, Division 1, Department E.

Aug. 18, 2005.

Review Denied Jan. 4, 2006.

The Shanker Law Firm, PLC By Howard M. Shanker, Tempe, Attorney for Plaintiffs–Appellants.

Andrew P. Thomas, Maricopa County Attorney By Bruce P. White, Deputy County Attorney, Phoenix, Attorneys for Defendants–Appellees.

## OPINION

IRVINE, Judge.

¶ 1 This is an appeal from the trial court's order granting Appellees' Motion for Judgment on the Pleadings. For the following reasons, we hold that the two-thirds majority vote requirement of Arizona Revised Statutes ("A.R.S.") section 11–824(C)(Supp.2004)[1] is satisfied by a three-to-one vote when one member of the board of supervisors is disqualified from voting. Therefore, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶ 2 On December 4, 2002, the Maricopa County Board of Supervisors (the "Board") voted on a "Major Plan Amendment to the County Area Plan" that redesignated approximately 690 acres of land in Mobile, Arizona, from rural and open space to industrial. The Board consists of five members. One of the five Board members recused himself from voting on the amendment due to a conflict of interest. The remaining four members approved the amendment, with three members voting for the amendment and one member voting against it.

¶ 3 On November 24, 2003, Mobile Community Council for Progess, Inc., a not-for-profit corporation, and several residents of the community ("Mobile") filed a Complaint against the Board and its members alleging that they violated A.R.S. § 11–824(C), which

---

1. The disputed vote took place in 2002. Section 11–824(C) was amended in 2004, but the changes do not affect our analysis. 2004 Ariz. Sess. Laws, ch. 235, § 4.

required "the affirmative vote of at least two-thirds of the members of the board," to pass such an amendment, and urged the trial court to rescind the Board's approval of the amendment. Mobile reasoned that because there were five members of the Board, more than three affirmative votes were required to pass the amendment.

¶ 4 On December 15, 2003, the Board filed a Motion for Judgment on the Pleadings, arguing that because one of the Board members was disqualified, the required two-thirds majority vote was satisfied under A.R.S. § 11–824(C) when the amendment passed on a vote of three to one. The trial court granted the motion. The trial court, relying on *Croaff v. Evans*, 130 Ariz. 353, 636 P.2d 131 (App.1981), held that

> the recusal of one of the members of the Board of Supervisors reduced the total membership of the board to the number of remaining members who were entitled to vote, which in this case is four. The vote of three to one out of a total of four meets the requisite two-thirds required for the measure to pass.

Mobile timely appeals.

## DISCUSSION

¶ 5 "A motion for judgment on the pleadings ... tests the sufficiency of the complaint," and a defendant is entitled to judgment "if the complaint fails to state a claim for relief." *Giles v. Hill Lewis Marce*, 195 Ariz. 358, 359, ¶ 2, 988 P.2d 143, 144 (App.1999). "In reviewing a judgment on the pleadings, we accept the factual allegations of the complaint as true," *id.*, and we review the trial court's conclusions of law de novo. *Colonial Life & Accident Ins. v. State*, 184 Ariz. 533, 535, 911 P.2d 539, 541 (App.1995).

¶ 6 Section 11–824(C) provides that "[t]he adoption or readoption of, or a major amendment to, the county comprehensive plan shall be approved by the affirmative vote of at least two-thirds of the members of the board." The sole issue on appeal is whether the disqualified member of the

Board is a "member of the board" for purposes of calculating the affirmative two-thirds vote required by § 11–824(C) to pass the amendment. In interpreting a statute, our primary goal is to "fulfill the purpose of the legislature." *State v. McDermott*, 208 Ariz. 332, 334, ¶ 5, 93 P.3d 532, 534 (App. 2004).

¶ 7 Mobile argues that A.R.S. § 11–824(C) is clear and unambiguous, and therefore there is no need to "resort to other methods of statutory interpretation to determine the legislature's intent." The Board, however, points out that Mobile has failed to consider controlling case law. The Board argues, relying upon *Croaff*, that when a member of the Board is disqualified from voting due to a conflict of interest, only three affirmative votes are needed to pass the amendment because the remaining members constitute the full membership of the Board. *See* 130 Ariz. at 359, 636 P.2d at 137. We agree.

¶ 8 In *Croaff*, we were faced with whether an amendment to the zoning ordinances of Yavapai County complied with the voting requirements of A.R.S. § 11–829(C).[2] *Id.* at 354, 636 P.2d at 132. Section 11–829(C) required that "if twenty per cent of the owners of property by area and number within the zoning area file a protest to the proposed change, the change shall not be made except by the unanimous vote of all members of the board." *Id.* at 358, 636 P.2d at 136; *see* 1956 Ariz. Sess. Laws, ch. 111, § 4. In *Croaff*, one member of the three member Board of Supervisors disqualified himself due to a conflict of interest. 130 Ariz. at 354, 636 P.2d at 132. The remaining two members of the board voted to approve the amendment. *Id.*

¶ 9 The plaintiff in *Croaff* argued that because only two of the three board members voted to pass the amendment, the requirements of A.R.S. § 11–829(C) were not met and the amendment was invalid. *Id.* at 358, 636 P.2d at 136. We pointed out that a vacancy on the board was different than a "mere absence or failure to vote" by a member, and in such a situation the court must pay "close attention to the precise language

---

**2.** Subsection (C) has subsequently been amended and renumbered as § 11–829(D). *See* 2000 Ariz.

Sess. Laws, 4th S.S., ch. 1, § 18.

used in the statute." *Id.* at 359, 636 P.2d at 137. We found that when a statute required a vote of a proportion of all members "elected," a vacancy was immaterial and the law required that the proportion be determined with reference to the entire board. *Id.* When such qualifying language is absent, however, compliance with the voting requirements is based upon the total membership of the board, reduced by any vacancies. *Id.* In finding that a disqualification of a board member was "closely analogous" to a vacancy, we held that the disqualified board member was not a board member for the purpose of determining whether the voting requirements of § 11–829(C) had been satisfied. *Id.* Because "the remaining two members constituted the total membership of the board," the amendment received the required "unanimous vote of all members of the board." *Id.*

¶ 10 The statute in the present case, § 11–824(C), is very similar to the statute involved in *Croaff.* Section 11–824(C) requires the "affirmative vote of at least two-thirds of the members of the board." It does not require an affirmative vote of at least two-thirds of the members of the board "elected." Because such qualifying language is absent in the statute, the disqualification of the board member is relevant in determining the number of votes needed to satisfy the voting requirement of § 11–824(C). *See* 130 Ariz. at 359, 636 P.2d at 137. The disqualification of the board member reduced the total membership of the board to the number of remaining members who were entitled to vote, which in this case is four. *See id.* The amendment received three of the four votes, satisfying the requisite two-thirds requirement of § 11–824(C), and therefore the amendment is valid.

¶ 11 Mobile argues that *Croaff* is distinguishable because the statute involved in *Croaff* required a unanimous vote, so if one member of the board was disqualified any action would be impossible. In this case, Mobile argues that we are not faced with an impossibility because four board members are still able to vote. In reaching our decision in *Croaff,* however, we relied upon two cases from Texas involving a statute requiring "a three-fourths vote of 'all the members'

of the zoning body." *Croaff,* 130 Ariz. at 359, 636 P.2d at 137 (citing *Hannan v. City of Coppell,* 583 S.W.2d 817 (Tex.Civ.App.1979), and *City of Alamo Heights v. Gerety,* 264 S.W.2d 778 (Tex.Civ.App.1954)). These cases did not involve a unanimous vote requirement, yet relied on the same reasoning we adopted in *Croaff* in concluding that a disqualification would be equivalent to a vacancy for voting purposes. Applying this reasoning, we decline to limit our decision in *Croaff* to the interpretation of statutes requiring a unanimous vote.

¶ 12 Mobile further argues that if it was the legislature's intent to define "members of the board," for purposes of the voting requirements of § 11–824(C), to be members eligible to vote, as opposed to all the members of the board, it could have done so. Mobile points to A.R.S. § 11–829(D), which governs amendments of ordinances or changes to zoning district boundaries, as showing that the legislature knows how to do so. This statute, which is the current version of the statute interpreted in *Croaff,* provides, in pertinent part

> the change shall not be made except by a three-fourths vote of all members of the board. If any members of the board are unable to vote on the question because of a conflict of interest, the required number of votes for the passage of the question is three-fourths of the remaining membership of the board, except that the required number of votes in no event shall be less than a majority of the full membership of the board.

A.R.S. § 11–829(D) (2002). Mobile claims that because such language is present in § 11–829(D), but not in § 11–824(C), the legislature has shown that it did not intend to reduce the required number of votes in this case. Additionally, Mobile also claims that the trial court's interpretation of § 11–824(C) would render portions of § 11–829(D) "superfluous, void and insignificant."

¶ 13 We were faced with a similar argument in *Croaff.* There, the plaintiffs cited A.R.S. § 9–462.04(G), which provided that if any member of the governing body was unable to vote due to a conflict of interest then the required votes needed would be a propor-

tion of the remaining members of the governing body. 130 Ariz. at 360, 636 P.2d at 138. Plaintiffs argued, as Mobile does here, that because the statute in question did not contain a similar provision the legislature intended a different result. *Id.* We stated that we would have found the plaintiff's argument more persuasive if § 9–462.04(G), in its then-current form, had been enacted contemporaneously with § 11–829(C), which would indicate to us that the legislature, during a time when its attention was drawn to both statutes, intended a different result by placing the provision in one statute and not the other. *Id.*

¶ 14 We reach the same conclusion in this case. In 1993 the legislature amended what is now § 11–829(D). *See* 1993 Ariz. Sess. Laws, ch. 171, § 1 (amending § 11–829(C)). The act changed the unanimous voting requirement to a three-fourths voting requirement of "all members of the board," and inserted the language providing that a vote of "three-fourths of the remaining membership of the board" would be required if any board member was unable to vote. *Id.* The two-thirds voting requirement of § 11–824(C), in its present form, however, was enacted in 1998 by the Growing Smarter Act. *See* 1998 Ariz. Sess. Laws, ch. 204, § 9. We will not presume that the legislature intended a different result than that reached in *Croaff* because it placed a detailed provision in § 11–829(D) but did not place a similar provision in § 11–824(C) five years later. The legislature enacted § 11–824(C) without inserting the language limiting the voting requirement to the members of the board "elected," so the statute, in its present form, is consistent with our decision in *Croaff.* Without plainer evidence of legislative intent we will not presume that the legislature intended a result that is more restrictive than the one we reached in *Croaff.*

¶ 15 Finally, in determining legislative intent, one of the factors the court considers is the statute's effects and consequences. *Kaku v. Ariz. Bd. of Regents,* 172 Ariz. 296, 297, 836 P.2d 1006, 1007 (App. 1992). Mobile's interpretation of the statute would essentially require a unanimous vote by the remaining members of the Board to pass an amendment if one of the Board members was disqualified due to a conflict of interest. Such a requirement could discourage Board members from disqualifying themselves in light of a possible conflict of interest. "[S]ound public policy supports and requires the disqualification of public officials when their private interests create a possibility of conflict with their public duties." *Croaff,* 130 Ariz. at 360, 636 P.2d at 138. Therefore, in light of this sound public policy, and in the absence of any plainer evidence that the legislature intended to require a vote of three-fourths of the elected members of the Board, we hold that the disqualification of one of the Board members reduced the total membership of the Board to the number of remaining members who were entitled to vote. Therefore, the amendment was valid.

## CONCLUSION

¶ 16 For the above reasons, we affirm the decision of the trial court.

CONCURRING: DONN KESSLER, Presiding Judge and JON W. THOMPSON, Judge.